303 So.2d 389 (1974)
Joseph Alexander KING, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-320.
District Court of Appeal of Florida, Third District.
November 5, 1974.
Rehearing Denied December 10, 1974.
*390 Phillip A. Hubbart, Public Defender and Roy S. Wood, Jr., Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and William L. Rogers, Asst. Atty. Gen., for appellee.
Before HENDRY and NATHAN, JJ., and CARROLL, CHARLES (Ret.), Associate Judge.
PER CURIAM.
The appellant, Joseph King, defendant in the trial court, appeals a conviction for buying, receiving or concealing stolen property as a misdemeanor and a sentence to one year in the Dade County Jail.
The only point presented by this appeal surrounds the alleged denial of the defendant's right to a speedy trial.
King was arrested on April 27, 1973 for the offense involved in this case. When the cause ultimately came on for trial on October 17, 1973, which was 173 days after King's arrest, the State moved for a continuance under CrPR 3.191(f), F.S.A. (1973 Revision), entitled "Exceptional Circumstances."
The state informed the court that a police officer, and the chief state's witness in this case, was hospitalized due to injuries he received on duty which required surgery. The court was told that the witness would require 30 days to recuperate, and thereupon the court indicated its intention to extend the speedy trial date for 30 days.
However, the record also clearly shows that at the same hearing the court set the actual trial date for December 11, 1974, more than 30 days from the hearing date. The clerk's minute book reflected the statement of the trial judge intent, viz: an extension of the speedy trial date for 30 days.
When the cause came on for trial on December 11, King filed a motion for discharge and dismissal. The defendant's theory was this: since 173 days had already expired on October 17, and since the court only "extended speedies" for 30 days, by December 11 more than seven days had run and the state had denied the defendant a speedy trial within 180 days.
Thus, the defendant sought to employ once again a "tacking procedure" for determining the speedy trial period. See, Chester v. State, Fla.App. 1974, 298 So.2d 529.
The trial judge deferred a ruling until December 14 on the motion, pending preparation of a transcript of the October 17 hearing. Then, on December 14, the court denied the motion, but set the trial for January 17, 1974, in order to give the defendant time to decide if he wished to seek a writ of prohibition.
On January 17, 1974, the defendant renewed his motion for discharge ore tenus before another trial judge with a more elaborate argument. Now, defendant contended that even if the additional seven days could not be tacked before December 11, that after that date the period commenced to run again because the defendant never sought a continuance nor did he waive his right to a speedy trial.
The second trial judge declined to rule on the motion in deference to the first judge, and the cause was transferred back to the original judge where a non-jury trial finally was held on February 26, 1974, after the defendant had again moved for discharge due to a denial of a speedy trial.
On appeal, the defendant makes the same arguments through the public defender's office, which was appointed to represent him on appeal, that he made on various occasions through his privately-retained counsel in the trial court.
In our view, this case offers an illustration of rather nice academic questions which may be raised by assuming that a continuance under Rule 3.191 does not alter the 180-day provision of the rule, and that at some point, the trial court must decide *391 when to start calculating days to fall within the rule.
But, we do not think the rule requires from trial judges a mathematician's precision. There is nothing magical about the 180-day provision of Rule 3.191 when measured against a defendant's constitutional right to a speedy trial.
Our Supreme Court pronounced the 180-day provision as a practical means for fully implementing the right of speedy trial, pursuant to its power to establish rules of practice and procedure in the courts of this state. State ex rel. Butler v. Cullen, Fla. 1971, 253 So.2d 861. However, the rule was not intended to serve as the ironclad ingredient in every case for insuring a speedy trial. Ibid; Chester v. State, supra.
As the Florida Supreme Court clearly has indicated, where a continuance is granted, a rule of reasonableness is applicable, and the trial court is vested with discretion in determining whether or not a delay in a particular case has prejudiced a defendant or subjected him to undue pretrial oppression and anxiety. See also, Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
In the case at bar, the last sentence of Rule 3.191(f) itself serves to answer the defendant's contentions:
"Under the foregoing circumstances the Court may set a new trial date within a reasonable time." [Emphasis ours.]
The trial judge was clearly justified in granting the continuance on October 17, and once he did so, the quantitative provision of the rule was no longer applicable. The defendant's right to a speedy trial then was measured by constitutional safeguards.
Defendant has not argued that the trial court committed an abuse of discretion, or that his case was prejudiced or that he was subject to undue pre-trial oppression and anxiety for any extended period of time. Of course, on an appeal from a conviction it would be the defendant's burden to present these matters to the court.
Therefore, for the foregoing reasons, we have determined that the defendant has failed to demonstrate that he was denied his right to a speedy trial, and accordingly the judgment and sentence appealed are affirmed.
Affirmed.
CARROLL, CHARLES (Ret.), Associate Judge (concurring specially).
I concur in the judgment.
The record reveals there were exceptional circumstances on the basis of which the trial court could and properly did grant the two extensions of time or continuances, as provided for by section (f) of Rule 3.191 Cr.P.R.