372 So.2d 1012 (1979)
STATE of Florida ex rel. Ronald Wainwright Lee, Petitioner,
v.
Honorable George L. HARPER, Circuit Judge, Second Judicial Circuit, Respondent.
No. KK-99.
District Court of Appeal of Florida, First District.
July 13, 1979.
*1013 Charles Friend, Tallahassee, for petitioner.
David L. McGee, Asst. State's Atty., Tallahassee, for respondent.
ROBERT P. SMITH, Jr., Acting Chief Judge.
The determinative issue here is whether a continuance of trial granted the state in the exceptional circumstance of the prosecutor's sudden illness removes a criminal case from the strict time limitations imposed by Fla.R.Cr.P. 3.191, and permits a trial to be had at any "reasonable time," notwithstanding that the trial date was not fixed during the period of the speedy trial rule. Following King v. State, 303 So.2d 389 (Fla. 3d DCA 1974), we hold that a Rule 3.191(f) extension or continuance, granted either the state or the defendant because of "exceptional circumstances" preventing a scheduled trial within the speedy trial period, permits a trial within a "reasonable time," even if that time is ascertained and fixed after the date on which the speedy trial period would otherwise have expired.
Lee's petition for writ of prohibition seeks to prevent his trial on four counts of grand larceny. On March 1, 1977, during the period in which Rule 3.191's 180-day speedy trial period concededly was running, the prosecuting attorney was suddenly taken ill and, in that exceptional circumstance, the state secured a continuance and extension of the speedy trial period a stated period of 45 days.[1] Challenging that 45-day extension order, and contending that the speedy trial period ran unabated and entitled *1014 him to discharge on March 4, 1977, Lee filed his first petition for writ of prohibition in this court. No. FF-288. On April 1, 1977, we issued a rule nisi staying further proceedings pending our decision. We discharged the rule and denied the petition on May 20, 1977, and the Supreme Court denied certiorari on March 15, 1978. The trial court reset the trial for June 5, 1978.
By this second petition for writ of prohibition Lee contends that the balance of the 45-day extension period expired without further extension, following the Supreme Court's order denying certiorari. See State ex rel. Mullen v. Swigert, 352 So.2d 962 (Fla. 1st DCA 1977).
An order by the trial court is required to extend the time for speedy trial on grounds stated in Rule 3.191(d)(2). Stuart v. State, 360 So.2d 406, 413 (Fla. 1978). When as here the trial court's order is one of extension, rather than waiver on waiver grounds stated in Rule 3.191(d)(2),[2] the plain implication of Rule 3.191(d)(2) is that the trial must ordinarily commence within the period as extended, unless another extension is timely ordered. But when the ground for extension under Rule 3.191(d)(2) is one of the exceptional circumstances particularly treated in Rule 3.191(f), that subsection entirely removes concern for strict time periods prescribed by the rule or established by the extension order. In that event, "The Court may set a new trial date within a reasonable time." We previously reserved the question, when the trial court has granted an extension or continuance for exceptional circumstances, whether the court is empowered, outside of the period of extension, to reset the trial for another and later date. State ex rel. Wilhoit v. Wells, 356 So.2d 817, 825 (Fla. 1st DCA 1978). We now hold that, when for exceptional circumstances the trial court grants an extension or continuance, neither the original speedy trial period nor the precise period of the extension or continuance is of significance in determining the accused's speedy trial rights. In that event, the trial court may act at any reasonable time to "set a new trial date within a reasonable time." Fla.R.Cr.P. 3.191(f).
Thus, even assuming that Mullen would in other circumstances commence the running of the balance of the 45-day extension period upon the termination of Lee's first prohibition proceedings on March 15, 1978, the exact length of the extension period was inconsequential, and the trial court's subsequent order setting the case for trial on June 5, 1978, was not beyond "a reasonable time" as authorized by Rule 3.191(f) and United States v. Davis, 487 F.2d 112 (5th Cir.1973), cert. den., 415 U.S. 981, 94 S.Ct. 1573, 39 L.Ed.2d 878 (1974).
The petition for prohibition is DENIED.
ERVIN, J., concurs.
BOOTH, J., specially concurs.
BOOTH, Judge, specially concurring.
I concur in the result of this opinion for the reasons stated in King v. State, 303 So.2d 389 (Fla. 3d DCA 1974) and State v. Kurtz, 354 So.2d 890 (Fla. 4th DCA 1978).
NOTES
[1] Rule 3.191(f) provides that "the court may order an extension of time or continuance where exceptional circumstances are shown to exist," such circumstances including the "unexpected illness or unexpected incapacity or unforeseeable and unavoidable absence of a person whose presence ... is uniquely necessary for a full and adequate trial... ."
[2] The rule provides that "The periods of time established by this Rule for trial may at any time be waived or extended by order of the court ... (iii) with good cause shown by the accused upon waiver by him or on his behalf... ."