SHARP, Judge.
The State appeals the trial court’s order which granted Daniels’ motion for discharge pursuant to Florida’s “Speedy Trial” Rule.[1] We reverse.
Daniels was arrested on August 21, 1980 for the crime charged in this case, and that commenced the running of the 180 day speedy trial time.[2] Her trial was first set for January 25, 1981, but on January 20, 1981 the State sought and obtained a continuance because the victim of the alleged crime (an essential witness) could not be located within the State of Florida. The trial was reset for February 25, 1981.
On February 13, 1981, the witness appeared to give his deposition pursuant to *1257 defense counsel’s subpoena. However, he walked out of the deposition because no state attorney was present, and he claimed he needed to be represented by counsel. The defense filed a motion on February 23, 1981 to hold him in contempt and compel his oral deposition.
On February 25, 1981 the State and trial judge were present in the courtroom ready to try the case. The defendant and defense counsel did not appear, except to drop by a motion pertaining to the contempt matter. On February 26, 1981, in response to a telephone call made by the trial court, defense counsel wrote a letter to the court saying they were not prepared to try the ease without the deposition of the victim, and that they did not intend to pursue the contempt matter because the State had promised its assistance.
On March 4, 1981, the defense filed its motion for discharge which the trial court granted on March 23, 1981. The defense made no claim or showing that it was or had been prejudiced by the delay of the trial, and the defense had not filed a demand for speedy trial pursuant to Florida Rule of Criminal Procedure 3.191(a)(2), nor any earlier motions for discharge.
We have held that where a defendant moves for a continuance, and it is granted, the 180 day speedy trial time no longer applies. State v. Bufford, 383 So.2d 928 (Fla. 5th DCA 1980). Thereafter, in order to activate the other time periods under the Rule, the defendant must either file a written demand for speedy trial or a motion for discharge. State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla.1971). We note that our sister courts have held the same reasoning should apply to the situation where the State moves for a continuance and it is granted for exceptional circumstances.[3] We do not reach that question in this case [4] because the trial date was properly extended by the court to a set time, and the reason the trial did not then take place was the defendant’s failure to appear. Fla.R.Crim.P. 3.191(d)(3).
The record fails to establish any of the criteria to show that Daniels’ constitutional right to speedy trial was violated. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The delay in this cause was not unduly long — a little more than a month from the granting of the State's motion for continuance plus another week when defendant filed her motion for discharge. The delay was caused by an unavailable, uncooperative necessary witness. This was not clearly attributable to the State. The defense had not requested a speedy trial. To the contrary, defense counsel told the court it was not ready for trial and that it would be prejudiced by being forced to try the case without the victim’s deposition. The defense made no showing it was prejudiced by the delay in any manner.
For the reasons stated herein, the order granting appellant’s motion for discharge is reversed and this cause is remanded for further proceedings.
REVERSED AND REMANDED.
DAUKSCH, C. J., and COBB, J., concur.

. Fla.R.Crim.P. 3.191.

. Fla.R.Crim.P. 3.191(a)(1).

. See Carr v. Miner, 375 So.2d 64 (Fla. 1st DCA 1979) (Booth, J., specially concurring); State Ex Rel. Lee v. Harper, 372 So.2d 1012 (Fla. 1st DCA 1979); State v. Kurtz, 354 So.2d 890 (4th DCA), cert. denied, 360 So.2d 1249 (Fla.1978); King v. State, 303 So.2d 389 (Fla. 3d DCA 1974); cf. Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980) (Rejecting the argument that the ninety day provision in Florida Rule of Criminal Procedure 3.191(d)(3) is applicable whenever the State seeks a continuance).

. After State v. Bufford, 383 So.2d 928 (Fla. 5th DCA 1980) and State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla.1971) were decided, Rule 3.191 was amended effective January 1, 1981. The revised rule omits the terms “waiver” and “continuance,” and relies solely on “extensions” as the mechanism for altering the time mandates of the rule. In this case, Rule 3.191 in its pre-amended form applies because appel-lee was arrested for the crime charged in 1980. Holmes v. Leffier, 411 So.2d 889 (Fla. 5th DCA 1982).