JOANOS, Judge.
This is an appeal from a judgment and sentence for armed robbery. We find no reversible error as to any of the issues raised, however, the alleged error in denying appellant’s motion for discharge on speedy trial grounds should and will be discussed.
The facts relevant to the speedy trial issue follow. Appellant was arrested on the *744 day the alleged crime occurred, May 8,1981. Trial was set for September 29, 1981, however, on September 28, 1981, the State moved for a continuance based on exceptional circumstances for two reasons: (1) an important witness had been injured in an accident and (2) appellant’s brother and co-defendant had filed a motion for suggestion of insanity which could not be disposed of by the trial date. The trial judge made a finding of exceptional circumstances and extended the speedy trial period. Orally, the judge stated: “This will be set for October 30th; that’ll be your next plea day in this case.” A written order was subsequently entered which included a finding extending the speedy trial period “until the next trial week .... ” The record contains no transcript of the hearing at which a new trial date was set, but the parties represent that on October 30,1981, trial was reset for February 1, 1982.
Appellant filed a demand for speedy trial on December 2,1981. On January 27,1982, and on January 29, 1982, appellant filed motions for discharge alleging that the time had been extended until “the next trial week” and that the next trial weeks after September 28, 1981, were the weeks of November 23, 1981, and December 14, 1981. At the hearing on the first motion, held on January 28, 1982, it became clear that the written order extending the time inaccurately recorded the judge’s ruling, which actually had been to extend the time in order to reset the trial on the next plea day.
Appellant argues that regardless of whether the court extended the speedy trial time to the next trial week or to the next plea day, the time was extended to a date certain, either October 30, 1981, or November 23,1981, and he was not brought to trial by either of those dates and was therefore entitled to a discharge. Alternately, appellant argues that if the trial court’s ruling had the effect of extending the speedy trial period for an indefinite time, he was not brought to trial within a reasonable period of time and was entitled to be discharged. The State argues that the extension took the case out of the operation of Fla.R. Crim.P. 3.191, and that by constitutional speedy trial standards, appellant was brought to ferial within a reasonable period of time.
We hold that the extension granted by the trial court removed the case from the operation of Fla.R.Crim.P. 3.191, see State ex rel. Lee v. Harper, 372 So.2d 1012 (Fla. 1st DCA 1979),[1] and see generally Dedmon v. State, 400 So.2d 1042 (Fla. 1st DCA 1981), and that appellant was brought to trial within a reasonable period of time under constitutional speedy trial standards. See for example Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and particularly the analysis of criteria for determining reasonableness set forth in Howell v. State, 418 So.2d 1164 (Fla. 1st DCA 1982).
AFFIRMED.
SHIVERS and WENTWORTH, JJ., concur.

. The holding in Harper specifically took into account that portion of Rule 3.191(f) which provided that under exceptional circumstances “the Court may set a new trial date within a reasonable time.” That language has been removed from the rule, however, the comments to the current rule state that this language was eliminated as simply unnecessary.
The Fifth District has expressed disagreement with Harper as to the effect on Fla.R. Crim.P. 3.191 of an extension for exceptional circumstances for a specific period of time in Neuman v. State, - So.2d - (Fla. 5th DCA 1983) [8 FLW 217],