ZEHMER, Judge.
Appellant, Robert Irby, an inmate at Union Correctional Institution, appeals his conviction of battery of a law enforcement officer[1] and contends that his motion for discharge for the state’s failure to comply with the speedy trial rule[2] was improperly denied. We affirm.
The essential facts of the battery are succinctly stated in appellant’s brief:
About 12:50 p.m. on August 30, 1982, Officer Ball was on duty at Union Correctional Institution. Another guard was distributing writing paper to inmates in their cells. Irby wanted more paper than the guard was willing to give him, and he began banging against the cell door. Ball went to investigate, and when he tried to stop Irby from banging on the door, Irby told him that he would hit him if Ball did that again. When Ball continued what he was doing, Irby hit Ball below the left eye.
Angry, Ball opened the cell door and tried to handcuff Irby. Irby refused and backed away from Ball. They began to tussle, but the confrontation ended with Irby and Ball outside of the cell [herein referred to as the ‘first battery’]. The verbal sparring, however, continued. Inmate Martin, who was showering, apparently heard the ruckus and rushed to the scene. When he heard Irby complaining he said, ‘Well, if we all is going to do something we better go on and do it now.’ He then hit Ball. Both inmates then began hitting Ball. A sergeant came to the scene and the fight ended [herein referred to as the ‘second battery’]. Irby was arrested[3] three days later for battering Ball.
(References to transcript omitted).
On October 18, 1982, a joint information was filed charging Irby and Martin with battery of Officer Ball on August 30, 1982, in violation of section 784.07, Florida Statutes. Martin pled guilty as charged. Irby went to trial on January 25, 1983, and at the close of the evidence moved for a directed verdict of acquittal. Irby argued that the state’s joint information charged both Martin and Irby as principals involving only the “second battery” against Ball, which occurred outside Irby’s cell and that the information did not charge Irby as a principal in the “first battery,” which occurred inside Irby’s cell. Irby contended that the state could only prove the “second battery” against him at this trial and that if the state had intended to charge him with the “first battery” it should have filed *1135 separate informations rather than a joint single-count information. Irby’s counsel specifically stated:
They were separate incidents. Martin had nothing to do with that first battery. And Irby had virtually nothing to do with [the second battery] except being physically present.
Irby’s motion for acquittal was predicated on the state’s representations of fact made at the hearing on Martin’s guilty plea. The facts at that hearing did not implicate Irby as a principal or participant in the “second battery” by Martin, and Irby contended that the state was limited at his trial to proving the facts represented in support of that same information at Martin’s plea hearing.[4] The trial judge, apparently convinced by Irby’s argument, granted Irby’s motion for acquittal, but stated that “the state has the option of refiling this information and bringing the case to trial on the second theory” that Irby was the principal actor in the “first battery.”
On that same day, the state, as suggested by the trial judge, filed a second information charging Irby with battery against Ball on August 30, 1982. The language of this new information was, for all practical purposes, identical to that contained in the original information jointly charging Irby and Martin. Irby was arrested two days later as a result of the second information.
On March 10, 1983, Irby served a motion for discharge and a motion to dismiss the second information upon the grounds that he had previously been arrested on September 3, 1982, “as the result of the same conduct or criminal episode (see Union County case no. 82-140-CF) which now gives rise to the crime charged,” and that he had been deprived of his right to a speedy trial under rule 3.191. Shortly thereafter, Irby filed another motion to dismiss on grounds of double jeopardy, alleging that further proceedings on the new information were barred by reason of his trial on the original joint information. The trial court, citing Stang v. State, 421 So.2d 147 (Fla.1982), denied all of these motions, specifically noting that during argument on the motion for acquittal in the first case Irby had successfully characterized the two batteries of Officer Ball as separate and distinct incidents; that the defendant had acknowledged during his argument that the state would be free to reinstitute prosecution as to the earlier of the two incidents; that the state had not been allowed to amend its pleadings or proceed to prove the first battery at the prior trial; and that “the court finds the instant charge is not one transaction with the prior charge.” On April 29, 1983, Irby was tried and found guilty.
Irby urges two points on this appeal, but we consider it necessary to discuss only his argument concerning his right to speedy trial.
Rule 3.191(a)(4) provides that a person is in custody when he is arrested “as a result of the conduct or criminal episode which gave rise to the crime charged.” Irby complains that his arrest on September 3,1982, and the resulting joint charge with Martin was the result of the same criminal episode which gave rise to the “first battery” by Irby, and since he was not tried for the “first battery” until April 19, 1983, well over 180 days after his arrest on September 3, he is entitled to discharge under the rule.
The state counters that Irby was not taken into custody on the second information until after that information had been filed on January 27, 1983, and thus Irby’s right to speedy trial had not been violated. The state further argues that Irby had been acquitted on the second battery based on his position that the first and second batteries were two separate and distinct episodes. For that reason, the state argues, Irby is now estopped to take the position on this appeal that both batteries are part of the same episode.
Although we might well have rejected Irby’s argument that two separate and dis *1136 tinct batteries occurred which were not covered by the single information involved in the first trial and denied Irby’s motion for acquittal, we are quick to recognize that the question, as then presented by Irby, was an arguable one that could go either way. The trial court accepted Irby’s contention that the “first battery” was so unrelated to the “second battery” that the first could not be treated as within the reasonable intent of the joint charge against him and Martin, and that proof of the first battery in that trial would constitute a material variance from the charge. Now, however, Irby specifically argues in support of this appeal that:
In this instance, the criminal episode or conduct started when Irby first punched Ball and ended when the sergeant broke up the fight. From this episode came two batteries with Irby involved in both_ Moreover, each battery involved the same victim, at the same location, and at approximately the same time.
Having succeeded in asserting that the batteries were separate episodes, appellant is estopped and will not be permitted to now take the inconsistent position that the “first battery” was indeed part of a single criminal episode or transaction. See, State v. Katz, 402 So.2d 1184 (Fla.1981); State v. Beamon, 298 So.2d 376 (Fla.1974); State v. Bentley, 81 So.2d 750 (Fla.1955); State v. Cootner, 60 So.2d 734 (Fla.1952); State v. Shaw, 415 So.2d 93 (Fla. 4th DCA 1982); State v. Gragg, 409 So.2d 1127 (Fla. 4th DCA 1982); State v. Jones, 404 So.2d 395 (Fla. 5th DCA 1981); Stevens v. State, 383 So.2d 1156 (Fla. 5th DCA 1980).
Obviously, the first and second batteries of Officer Ball were either a single continuous episode giving rise to a single offense or two unrelated episodes giving rise to two separate offenses. Appellant refers to nothing in the record before us that suggests Irby was arrested on September 3 for any criminal offense other than the offense jointly charged against him and Martin on October 18, 1982. Since appellant successfully contended that the first battery was not included within that charge, his argument that he must have been brought to trial within 180 days of his arrest on September 3 is without merit.
AFFIRMED.
ERVIN, C.J., and BOOTH, J., concur.

. § 784.07, Fla.Stat.

. Rule 3.191(a)(1), Fla.R.Crim.P.

.Taken into custody within the meaning of rule 3.191(a)(4), Fla.R.Crim.P.

. We note the inconsistency between this treatment of the facts and the evidence at the second trial which showed that Irby struck Officer Ball during the second battery as well as the first.