SCHOONOVER, Judge.
The state appeals a trial court order discharging appellees, Carmen R. Morgan and Rosby L. Kelly, because of a violation of the speedy trial rule. We affirm the order discharging Kelly, but find the trial court erred in discharging Morgan.
Appellees were arrested on February 9, 1984, for committing grand theft on that same date. An information charging ap-pellees with grand theft in violation of section 812.014(2)(b), Florida Statutes (1983), was filed on March 12, 1984. Because ap-pellees had been charged with a felony, the speedy trial rule required that they be brought to trial by August 7, 1984, 180 days after being taken into custody. Fla. R.Crim.P. 3.191(a). At a hearing held on June 6, 1984, however, after an assistant state attorney stated that the speedy trial limit did not expire until October 8, 1984, the trial court, with the approval of all parties, set the trial for August 20, 1984.
On August 20, 1984, the state and Kelly announced they were ready for trial. Morgan’s attorney, however, was not present or available because of a family emergency. Another attorney from the public defender’s office appeared for Morgan’s attorney and announced that they were unable to proceed to trial that day. The state announced that although the cases could be severed, it preferred that appellees be tried together. The court then continued the matter until the next day so that the status of Morgan’s attorney could be ascertained. Kelly’s attorney filed a written motion for discharge alleging that speedy trial time had expired.
At the hearing the next day, the trial court granted the motion for discharge because a crowded docket prevented it from commencing Kelly’s trial. The court stated that although exceptional circumstances existed to prevent speedy trial from running as to Morgan, the court would also discharge Morgan since she was charged in *201 the same information as Kelly. After a written order discharging both of the ap-pellees was entered, the state filed a timely notice of appeal.
We reject the state’s contention that Kelly and Morgan waived their right to be tried within 180 days by agreeing to a trial date outside of that time period. If the defendants or the state had requested that the trial date be set after August 7, 1984, the 180-day time limit would have been waived pursuant to Florida Rule of Criminal Procedure 3.191(f). The court would then have been able to set the trial within a reasonable period of time. State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla.1971); State ex rel. Lee v. Harper, 372 So.2d 1012 (Fla. 1st DCA 1979). In the case sub judi-ce, however, neither party requested a continuance; the trial court inadvertently extended the time for trial more than 180 days after the defendants had been taken into custody, and all parties acquiesced. The speedy trial time limit was thus extended to August 20, 1984. Neuman v. State, 431 So.2d 168 (Fla. 5th DCA 1983); Fla.R.Crim.P. 3.191(d)(2)(i).
We also reject appellees’ contention that the speedy trial time limit was not extended to August 20, 1984, because their agreement to set the case for trial on that date was induced by the state’s representation that speedy trial did not run until October 8,1984. The invited error doctrine does not apply in this case where the appel-lees were expressly asked whether they had any objections to a trial date of August 20, 1984. State v. Kelley, 322 So.2d 581 (Fla. 1st DCA 1975). The appellees did not waive their speedy trial rights by agreeing to a trial date of August 20, 1984, but the period in which they had to be brought to trial to satisfy the speedy trial rule was extended until that date.
Morgan, however, by not being available for trial on August 20, 1984, waived her right to be tried on or before that date. Exceptional circumstances existed to continue Morgan’s case based upon a sudden illness in her attorney’s family. Fla.R.Crim.P. 3.191(f). The original speedy trial time period therefore became inapplicable and the court had the authority to set a new trial date within a reasonable length of time. Fla.R.Crim.P. 3.191(d)(2) and 3.191(f); Harper. The trial court, therefore, erred in discharging Morgan.
Kelly, on the other hand, was available for trial on August 20, and he objected to a continuance. Although the state announced it would prefer to try appellees together, it also stated that the trials could be severed and that it was ready to proceed. Kelly was entitled to a severance if necessary to protect his right to a speedy trial. Fla.R.Crim.P. 3.152(b)(1)(i). Since the trial court did not sever the trials and proceed to trial with Kelly on August 20, the speedy trial period expired as to Kelly, and the court properly discharged him. Machado v. State, 431 So.2d 337 (Fla. 2d DCA 1983).
The order discharging Kelly is affirmed. The order discharging Morgan is reversed and the matter is remanded for proceedings consistent herewith.
Affirmed in part, reversed in part, and remanded.
OTT, A.C.J., and HALL, J., concur.