## STATE OF FLORIDA v BENNETT

### Appeal No. 86-0068AC (County Court Case No. 86-6749MM10A)

Seventeenth Judicial Circuit, Broward County

August 15, 1988

### APPEARANCES OF COUNSEL

**Michael J. Satz** State Attorney, **Christina L. Spudeas** Assistant State Attorney, for appellant.

**William F. Beggs, Beggs and Vecchio,** for appellee.

### OPINION OF THE COURT

LAWRENCE L. KORDA, Circuit Judge.

The facts of the case follow: In this case the Defendant was involved in a traffic accident on March 8, 1986. The Defendant was given two (2) traffic citations. No court date was set because the Defendant was

taken to a hospital for injuries where blood was taken from the Defendant.

On March 24, 1986 information was filed, charging Appellee with D.U.I. in violation of 316.193(1) *Florida Statutes.* The Clerk issued a summons to appear on March 24, 1986, which was not served and returned on April 7, 1986. The summons was reissued on April 15, 1986 and again not served and returned on April 25, 1986. Summons was reissued on May 5, 1986 and served on May 7, 1986.

Appellee appeared for arraignment on May 22, 1986 at which time Appellee filed a demand for discovery. This was answered by Appellant later the same day. The trial was set for June 2, 1986.

The Appellee apparently had trouble in locating a place for depositions and finally set them on May 27, 1986. Only 1 of the 7 witnesses showed up. The liaison for the police would not accept service for the police because there was not 5 working days notice.

On May 30, 1986 the defendant filed a motion for continuance specifically stating that he did not waive his rights for a speedy trial. On that same day, the trial court signed an order of continuance, ex parte, stating it was a court continuance and set trial for June 16, 1986.

Appellee then rescheduled depositions for June 10, 1986. On June 4, 1986 Appellant filed an order for a court continuance past speedy trial date. The Appellant asserted they were prejudiced by not being able to argue against the ex parte continuance. Also, the Appellant argues that the continuance should have been charged to the defendant. The motion was denied on the same day.

On June 13, 1986 Appellee filed a motion to discharge and a motion to suppress. On June 16, 1986 a hearing was held on the motion to discharge. The trial court found that the time for speedy trial had passed and thus granted the Appellee's motion. A timely appeal was filed by Appellant.

This Court is of the opinion that the trial court committed a reversible error in granting a speedy trial discharge because the continuance should have been charged to the Defense. The Appellant correctly states that where the defense requests a continuance because it could not take depositions of state witnesses, the continuance is charged to the defendant. *State v Daniels,* 413 So.2d 1256 (Fla. 5th DCA 1982). Although the continuance was granted ex parte, *J.B. v Korda,* 436 So.2d 1109 (Fla. 4th DCA 1983), states that "where the delay in holding a trial is attributed to the defendant whatever the label and whether affixed by a party or the court, the original period of time

122

which trial must be held no longer applies. The State must then provide a trial within a reasonable time." Since, in the case sub judice the defendant asked for a continuance and it was granted ex parte, the should be charged to the defendant and the speedy trial time is tolled.

Furthermore, *State v Fraser,* 426 So.2d 46 (Fla. 5th DCA 1983) states that a defendant's speedy trial rights are observed when a court sets a trial date even though the defendant could not reasonably be expected to be prepared. The court further states that due process rights must be involved, but not speedy trial rights. *Id* at 48, 49.

Therefore, although the court may have been correct in granting the continuance, it was not correct in discharging the case due to a violation of speedy trial rights.

REVERSED AND REMANDED for Trial.