PER CURIAM.
We affirm Felipe Sarrain’s conviction for grand theft, first degree, however we remand for clarification of the sentence imposed.
Sarrain was arrested on August 22, 1991 and charged with grand theft by information dated September 12, 1991. Pursuant to the applicable rules, under Florida Rule of Criminal Procedure 3.191(a), if the crime charged is a felony, the defendant is to be brought to trial within 175 days. Here, the 175th day was February 13, 1992. The defendant filed his motion for discharge on February 13, 1992. Florida Rule of Criminal Procedure 3.191(d)(1) reads as follows:
Motion for Discharge; Trial; When Timely. A motion for discharge shall be timely if filed and served on or after the expiration of the periods of time for trial provided for herein; however, a motion for discharge filed before expiration of the period of time for trial is invalid and shall be stricken upon motion of the prosecuting attorney.
Here, the motion was premature as it was filed on the 175th day rather than the 176th day when it would have been ripe and possibly meritorious. Thus, we reject Sarrain’s claim of speedy trial violation and affirm the trial court’s denial of Sarrain’s motion for discharge.
Additionally, Sarrain argues that when he was adjudicated guilty of grand theft and the trial court sentenced him to five years probation, part of that probation was the erroneous imposition of a special condition that he submit to deposition by a member of the victim’s insurance company. Sar-rain had testified at trial, denying his involvement in the crime charged, and specifically denying the receipt of any money. The trial judge, in ordering Sarrain to submit to the special condition of deposition, commented that he expected Sarrain to tell “exactly what happened to the money.” Sarrain complains that the special condition that he submit to deposition interferes with his right against self-incrimination. Because the order requires only that Sarrain submit to deposition, but provides no further guidance or limitation, we conclude that it is premature to determine whether the defendant was stripped of his right against self-incrimination. Thus, we return the case to the trial judge with plenary authority for him to refine and clarify the nature and scope of the conditions of probation in view of the immunity statutes. See § 914.04, Fla.Stat. (1993); § 837.021, Fla.Stat. (1993).
*1065 Accordingly, we affirm defendant’s conviction but remand for clarification of sentence,