649 So.2d 227 (1995)
Marvin REED, Petitioner,
v.
STATE of Florida, Respondent.
No. 82217.
Supreme Court of Florida.
January 19, 1995.
*228 Geoffrey C. Fleck of Friend & Fleck, Miami, for petitioner.
Robert A. Butterworth, Atty. Gen. and Charles M. Fahlbusch, Asst. Atty. Gen., Hollywood, for respondent.
GRIMES, Chief Justice.
We review Reed v. State, 619 So.2d 1043 (Fla. 3d DCA 1993), in which the court affirmed Reed's conviction on the authority of State v. Dorian, 619 So.2d 311 (Fla. 3d DCA 1993) (en banc), quashed, 642 So.2d 1359 (Fla. 1994). Because Dorian was pending in this Court and was disapproved in State v. Agee, 622 So.2d 473 (Fla. 1993), we took jurisdiction of this case under article V, section 3(b)(3) of the Florida Constitution. See Jollie v. State, 405 So.2d 418 (Fla. 1981).
On January 4, 1991, Reed was arrested for armed robbery and several traffic offenses. According to the arrest report, Reed and another man robbed a convenience store and in the course of fleeing became involved in an automobile accident. On January 24, 1991, the State filed an information charging Reed with two counts of leaving the scene of an accident involving personal injury. The State nol-prossed these charges on June 27, 1991. On July 15, 1991, 192 days after his arrest, Reed filed a motion for discharge pursuant to Florida Rule of Criminal Procedure 3.191. On September 6, 1991, 245 days after Reed's arrest, the State filed an information charging him with numerous felonies arising out of the convenience store robbery. The court denied Reed's motion for discharge on December 13, 1991. On May 6, 1992, the State filed an information adding additional felony charges arising out of the robbery and recharging Reed with the two counts of leaving the scene of an accident involving personal injury. Following a trial, the defendant was found guilty of two counts of robbery with a firearm, two counts of kidnapping with a firearm, and two counts of leaving the scene of an accident involving personal injury. The issue before this Court is whether Reed was entitled to be discharged for violation of the speedy trial rule.
*229 In Agee the defendant was charged with attempted murder. Three days before the expiration of the speedy trial period, the State entered a nolle prosequi. After the speedy trial period had run, the State refiled the attempted murder charge. We held that when the State enters a nolle prosequi, the speedy trial period continues to run and that the State may not refile charges based on the same conduct after the period has expired. While Agee controls the disposition of the instant charges of leaving the scene of an accident involving personal injury, unlike Agee, the charges of robbery and kidnapping had not been previously nol-prossed when Reed filed his motion for discharge.
At the outset, it is necessary to establish when the speedy trial time commenced with respect to these charges. According to rule 3.191(a), the time periods established by the speedy trial rule "shall commence when the person is taken into custody as defined under subdivision (d)." Subdivision (d) reads as follows:
(d) Custody. For purposes of this rule, a person is taken into custody (1) when the person is arrested as a result of the conduct or criminal episode that gave rise to the crime charged, or (2) when the person is served with a notice to appear in lieu of physical arrest.
Because Reed was arrested for the conduct or criminal episode that gave rise to both the charges of robbery and kidnapping, the speedy trial time on these charges began to run from the date of his arrest.
The premise upon which Reed's motion for discharge was denied was that because there were no charges pending against him at the time, his motion was a nullity. Taken to its extreme, this reasoning would mean that even though a defendant had been arrested and taken into custody, the speedy trial time for the conduct which precipitated the arrest would never begin to run until the State chose to file an information or indictment. This is contrary to both the letter and the spirit of the speedy trial rule.
We recognize that under some circumstances there may be legitimate reasons why the State is not ready to file charges against a defendant who has previously been arrested. However, the State cannot simply wait and let the speedy trial time period run. The State's remedy would appear to be to file the charges before the expiration of the speedy trial time and seek an extension under the provisions of the speedy trial rule.
Our opinions in Dorian v. State, 642 So.2d 1359 (Fla. 1994), Genden v. Fuller, 648 So.2d 1183 (Fla. 1994), and Farina v. Perez, 647 So.2d 113 (Fla. 1994), are consistent with this opinion. We quash the decision below and remand with directions that Reed be discharged.
It is so ordered.
KOGAN, HARDING and ANSTEAD, JJ., concur.
OVERTON, J., dissents with an opinion, in which WELLS, J., concurs.
SHAW, J., dissents with an opinion, in which WELLS, J., concurs.
WELLS, J., dissents with an opinion, in which OVERTON, J., concurs.
OVERTON, Justice, dissenting.
I agree fully with Justice Wells' dissent. I write to express my belief that the majority has now crossed the line and made our speedy trial rule substantive rather than procedural by this construction and that, consequently, it is unconstitutional. See art. II, § 3, Fla. Const. The rule is no longer a procedural "triggering mechanism," as explained by the United States Supreme Court in Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972), and by this Court in R.J.A. v. Foster, 603 So.2d 1167, 1171 (Fla. 1992). It is now a right granted by this Court which, as explained by Justice Wells, effectively eliminates the statutes of limitations lawfully enacted by the legislature.
WELLS, J., concurs.
SHAW, Justice, dissenting.
I dissent for the same reasons I joined Justice Wells' dissents in Genden v. Fuller, 648 So.2d 1183 (Fla. 1994), and Farina v. Perez, 647 So.2d 113 (Fla. 1994). It seems *230 that State v. Agee, 622 So.2d 473 (Fla. 1993), has taken on a Frankenstein-like role I never envisioned or intended when I authored that opinion. As I understand the majority's holdings in Genden, Farina, and the present case, once a suspect is arrested and the speedy trial period runs on a particular charge, the suspect gains total immunity from prosecution for any crime arising from that incident, no matter when the collateral crime is discovered or becomes prosecutable. This policy is unsupported by Agee.
WELLS, J., concurs.
WELLS, Justice, dissenting.
I dissent. I am concerned that this decision is another substantial evisceration of the statutes of limitation in criminal-law prosecutions. This decision goes even further than Genden v. Fuller, 648 So.2d 1183 (Fla. 1994).
I adopt here the reasons stated in my dissent in Genden. However, it is also important to note that in this case, the defendant was arrested for armed robbery and several violations of the traffic laws involving a traffic accident in which he was involved while fleeing the scene of the robbery. The majority's decision not only discharges the defendant from prosecution for the armed robbery and the traffic violations, but also for the kidnapping charges for which he was not arrested on January 4, 1991.
The unfortunate and ironic result here is that this defendant is the recipient of good fortune by being at fault in a tragic traffic accident in which another motorist was severely injured while defendant was fleeing the scene of the armed robbery. Understandably, the police arrested him for that accident on the date it occurred and also arrested him for the armed robbery of the convenience store from which he was fleeing when the accident occurred. However, the state attorney apparently decided that more investigation was needed to prosecute the criminal episode at the convenience store. Thus, no information or indictment was filed as to the criminal conduct at the convenience store until the state attorney had the legal foundation upon which to properly proceed. The majority's opinion has the effect of ignoring the practical reality that the police and the state attorney are totally different agencies performing different functions.
All of the criminal charges arising out of the defendant's episode at the convenience store should not have to be pursued within the time period of a court rule when the state attorney was only exercising prudent discretion not to put the charges into court. The procedure required by the majority's decision is too great a burden to put on the State.
This case highlights why this court rule should not be applicable until the state attorney files an information or indictment in accord with the plain language of the rule. But, even more, this application of the speedy trial in this manner causes the speedy trial rule to run on charges for which the defendant has not even been arrested but which the state attorney determines should be prosecuted on the basis of the state attorney's investigation. This is what happens here with respect to the kidnapping charges.
OVERTON, J., concurs.