THOMPSON, Judge.
The State of Florida appeals the trial court’s order discharging Bobby J. Wilkes and denying the state’s motion to strike Wilkes’ motion for discharge. Several issues have been raised in this appeal; however, after a thorough review of the record, one matter is dispositive. We hold that the ease was improvidently dismissed because Wilkes sought and obtained continuances prior to the expiration of speedy trial, and thus waived his right to a speedy trial. See Fla. R.Crim. P. 3.191. We reverse and remand.
On 14 March 1992, the alleged victim in this case swore a complaint for a worthless cheek charge, averring that the amount of the 1991 check was ij>3,000, and that it had been payment for the complainant’s land clearing services. On 27 August 1992 a warrant was issued ordering Wilkes’ arrest for having issued a worthless cheek. More than two years later, on or about 7 November 1994, Wilkes was arrested after a traffic stop. Without extensions or continuances, the speedy trial time would have expired on or about 1 May 1995. Fla. R.Crim. P. 3.191(a), (d). On 11 January 1995, an information was filed charging Wilkes with knowingly issuing a worthless check. This information erroneously charges that the check was issued in 1994.
Wilkes obtained continuances on 13 March 1995 and on 16 May 1995. Thereafter, Wilkes moved to dismiss the worthless check charge on the ground that the check was alleged to have been issued on 17 July 1991, and that therefore the warrant and information were filed after the two-year limitations period had run. The motion also alleged that the 26-month delay in executing the warrant was unreasonable. On 28 March 1995 the information was amended to allege that the check was issued in 1991.[1]
On 25 May 1995, after the speedy trial time had expired, the state filed a second amended information, changing the charge from issuing a worthless cheek to grand theft of “to wit: U.S. Currency”. The prosecutor amended the information because the five-year limitations period for the new charge, a *128 third-degree grand theft, had not expired. The prosecutor did not concede that the motion to dismiss should have been granted, but stated that the motion raised complicated issues. The court denied the motion to dismiss the worthless cheek charge as moot, and Wilkes went to trial on the theft of currency charge. The jury reported it was deadlocked on a verdict form dated 6 October 1995, and the court apparently declared a mistrial.
On 9 October 1995 the state filed its third amended information, this time charging theft of services — the services that were performed by the land clearing business that was the recipient of the worthless check. On 6 December 1995, Wilkes moved for discharge on the ground that he should have been tried within 175 days of his arrest in November 1994. After taking the matter under advisement, the court entered an order which denied the state’s motion to strike the motion for discharge, and which discharged Wilkes.
Wilkes argues that Reed v. State, 649 So.2d 227 (Fla.1995), a progeny of State v. Agee, 622 So.2d 473 (Fla.1993), mandates his discharge. Wilkes argues that under Reed, the various amended informations did not toll the running of speedy trial, and that therefore speedy trial expired 175 days after his arrest in November 1994 without a 15-day “recapture” window. We agree with the state that Reed and Agee do not control this case.
The law is clear that a defendant can waive the speedy trial rule by seeking a continuance, if the continuance is “chargeable” to the defendant. Eire v. Kaney, 393 So.2d 649 (Fla. 5th DCA 1981). Wilkes’ attorney moved to continue on 13 March 1995 and 16 May 1995 during pre-trial hearings. In each case,“pre-trial minutes” forms were used to grant the continuances. The first form states, “Upon motion of defense, court ordered case continued to pre-trial 4-10-95.” Similarly, the second form continued the case “to pre-trial 6-13-95” on the defendant’s motion. There are no other notations on the forms, nor are there written motions for continuances in the record, nor are there transcripts of the hearings at which the continuances were granted. Although Wilkes argues that the first motion was chargeable to the state to allow him time to file a motion to dismiss, we find no record support for this allegation. Rules 3.191(i) and © allow for the extension of the speedy trial time when the defendant shows exceptional circumstances not attributable to the defendant. Here the record shows that the defendant requested continuances, but the record does not show the defendant alleged or proved exceptions that would extend the speedy trial rule at the state’s expense. The continuances granted to Wilkes excepted this case from application of the speedy trial rule for all charges emanating from his theft charge. Haliburton v. State, 476 So.2d 192 (Fla.1985), vacated on other grounds, 475 U.S. 1078, 106 S.Ct. 1452, 89 L.Ed.2d 711 (1986); State v. Register, 380 So.2d 543 (Fla. 5th DCA 1980). Accordingly, the trial court should have granted the state’s motion and denied Wilkes’ motion for discharge.
The state has 90 days from the receipt by the trial court of the mandate from this court to try Wilkes. State v. Rohm, 645 So.2d 968 (Fla.1994).
REVERSED and REMANDED with instructions.
COBB and SHARP, JJ., concur.

. It is not clear why the amended information containing the proper date of the check's issu-anee was filed after the motion to dismiss, which was based on the changed date.