698 So.2d 1274 (1997)
Vincent Joseph CLARK, Petitioner,
v.
The STATE of Florida, Respondent.
No. 97-1533.
District Court of Appeal of Florida, Third District.
August 13, 1997.
Anthony F. Sanchez, Washington, DC, for petitioner.
Robert A. Butterworth, Attorney General and Douglas Gurnic, Fort Lauderdale, Assistant Attorney General, for respondent.
Before SCHWARTZ, C.J., SORONDO, J., and BARKDULL, Senior Judge.
SCHWARTZ, Chief Judge.
After the 175-day speedy trial time provided by Florida Rule of Criminal Procedure 3.191(a), had expired, Clark sought to take advantage of that fact by filing a "motion for discharge" from the prosecution against him. Admittedly, he was not at the time eligible for that relief; rather, he was entitled only to a trial within a fifteen-day recapture period, the right to which would *1275 have been triggered by a "notice of expiration of speedy trial time" as provided by Rule 3.191(h),(p)(2),(p)(3)[1]; compare Fla. R.Crim.P. 3.191(j) (referring to "motion for discharge").[2] See State v. Reaves, 609 So.2d 701 (Fla. 4th DCA 1992), review denied, 623 So.2d 494 (Fla.1993). Although no such "notice" was filed, he now seeks prohibition on the ground that he was not tried within fifteen days after the motion for discharge. Because, in effect, he never asked for that "speedy trial" below by filing the requisite notice, and sought instead only a "speedy dismissal," see State v. Guzman, 697 So.2d 1263 (Fla. 3d DCA 1997), which was not justified, the petition cannot be granted.
For very practical reasons which played themselves out in this very case, we reject the petitioner's contention that such a holding improperly elevates the "form" of the motion over its "substance" which he now says was simply to invoke whatever speedy trial rights were then available. In accordance with the precise purpose a "notice" is designed to serve under the scheme carefully crafted by rule 3.191(p), the filing of a document which is so designated alerts the clerk and the prosecution that the case must immediately be brought to the attention of the court by placing it on its calendar within a day or two so that the recapture period may be complied with. See generally Salzero v. State, 697 So.2d 553 (Fla. 3d DCA 1997). On the other hand, since a "motion to discharge" may not be granted unless it is well taken when filed, see Sarrain v. State, 632 So.2d 1063 (Fla. 3d DCA 1994); see also Fla. R.Crim.P. 3.191(h), there is no necessity for scheduling it at any particular time. As defense counsel may well have anticipated, see Reaves, 609 So.2d at 701, that is exactly what, as a direct result of the fact that a "motion" and not a "notice" was filed, occurred below. It was in fact not placed on the court's calendar by anyone, including the defendant, until it was noticed by his attorney only, no doubt by coincidence, after more than fifteen days had elapsedat which point, it was properly denied as prematurely filed. Sarrain, 632 So.2d at 1063. Having thus attempted, as it were, to entrap the clerk, the prosecution and the court into depriving him of rights which he did not appropriately assert, the defendant cannot now argue that it does not matter that he did not claim them in the way required by the rule itself.
Looking at the matter from another legal direction, an application of the parol evidence rule,[3] that one is bound by his unambiguous written word, see Hamilton Constr. Co. v. Board of Public Instruction, 65 So.2d 729 (Fla.1953); 24 Fla.Jur.2d Evidence & Witnesses § 444 (1995), precludes accepting the notion that the "motion for *1276 discharge" should be read instead as a demand for a subsequent speedy trial. Indeed, after the other actors in the case had detrimentally relied upon his representations to the contrary, Clark is, to use still another legalism, "estopped" from even making that contention. See Macina v. Magurno, 100 So.2d 369 (Fla.1958); Irby v. State, 450 So.2d 1133 (Fla. 1st DCA 1984); 22 Fla.Jur.2d Estoppel & Waiver § 55 (1980).
Prohibition denied.
BARKDULL, Sr. J., concurs.
SORONDO, J., specially concurs.
SORONDO, Judge (specially concurring).
I concur with all but the last paragraph and footnote 3 of the majority opinion.
NOTES
[1] (h) Notice of Expiration of Time for Speedy Trial; When Timely. A notice of expiration of speedy trial time shall be timely if filed and served on or after the expiration of the periods of time for trial provided for herein; however, a notice of expiration of speedy trial time filed before expiration of the period of time for trial is invalid and shall be stricken on motion of the prosecuting attorney.

* * * * * *
(p) Remedy for Failure to Try Defendant Within the Specified Time.
* * * * * *
(2) The defendant may, at any time after the expiration of the prescribed time period, file a notice of expiration of speedy trial time.
(3) No later than 5 days from the date of the filing of a notice of expiration of speedy trial time, the court shall hold a hearing on the notice and, unless the court finds that one of the reasons set forth in subdivision (j) exists, shall order that the defendant be brought to trial within 10 days. A defendant not brought to trial within the 10-day period through no fault of the defendant, on motion of the defendant or the court, shall be forever discharged from the crime. [emphasis supplied]
[2] (j) Delay and Continuances; Effect on Motion.

If trial of the accused does not commence within the periods of time established by this rule, a pending motion for discharge shall be granted by the court unless it is shown that:
(1) a time extension has been ordered under (i) and that extension has not expired;
(2) the failure to hold trial is attributable to the accused, a codefendant in the same trial, or their counsel;
(3) the accused was unavailable for trial under subdivision (k); or
(4) the demand referred to in subdivision (g) is invalid.
[3] This is not the first time contract principles have been deemed relevant, even controlling, in a criminal law context. See Novaton v. State, 634 So.2d 607 (Fla.1994); State v. Frazier, 697 So.2d 944 (Fla. 3d DCA 1997).