711 So.2d 1219 (1998)
Edward Albert DABKOWSKI, Appellant,
v.
STATE of Florida, Appellee.
No. 97-917.
District Court of Appeal of Florida, Fifth District.
May 8, 1998.
Rehearing Denied June 26, 1998.
James B. Gibson, Public Defender, and Rosemarie Farrell, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, and Lori E. Nelson, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, Judge.
Dabkowski appeals his judgment and sentence for robbery with a deadly weapon.[1] The primary issue on appeal is whether the trial court erred in not granting Dabkowski's motion to dismiss and motion for discharge for violation of his speedy trial rights. We affirm, relying on Clark v. State, 698 So.2d 1274 (Fla. 3d DCA 1997).
In Clark, Judge Schwartz ruled in a similar case that a defendant who filed a motion for discharge rather than a notice of expiration of speedy trial time as provided by Florida Rule of Criminal Procedure 3.191(h), *1220 (p)(2), (3), was not entitled to dismissal of the criminal charges pending against him. Judge Schwartz reasoned that the notice is designed to alert the clerk and the prosecution that the case must immediately be brought to the attention of the court by placing it on its calendar:
[W]ithin a day or two so that the recapture period may be complied with.... On the other hand, since a "motion to discharge" may not be granted unless it is well taken when filed, ... there is no necessity for scheduling it at any particular time.
Clark, 698 So.2d at 1275.
Dabkowski attempts to distinguish this case from Clark on the ground that the court ordered the state to file a response to the motion for discharge within five days. Eighteen days later, the state filed a response and a hearing was held on the matter, within two days.
We do not think these circumstances constituted a recognition by the trial court that Dabkowski had filed a notice of expiration of speedy trial time. Had the court viewed this pleading as a notice of expiration, it would have set a hearing immediately rather than ordering a quick response. Had it done so, conceivably, the fifteen day time limit to bring Dabkowski to trial required by rule 3.191 could have been complied with. We agree with Judge Schwartz that a defendant is not entitled to a "speedy dismissal," but only to a "speedy trial." Having failed to ask for that remedy, Dabkowski is not entitled to it.
AFFIRMED.
COBB and GOSHORN, JJ., concur.
NOTES
[1] § 812.13(2)(a), Fla. Stat (1995).