783 So.2d 1155 (2001)
STATE of Florida, Appellant/Cross-Appellee,
v.
Claudia Nicole GIBSON and Jennifer Creamer, Appellees/Cross-Appellants.
No. 5D00-702.
District Court of Appeal of Florida, Fifth District.
April 12, 2001.
*1157 Robert A. Butterworth, Attorney General, Tallahassee, and David H. Foxman, Assistant Attorney General, Daytona Beach, for Appellant/Cross-Appellee.
James B. Gibson, Public Defender and Barbara C. Davis, Assistant Public Defender, Daytona Beach, for Appellees/Cross-Appellants.
SAWAYA, J.
The State appeals the orders discharging Jennifer Creamer and Claudia Gibson under the speedy trial rule from Count I, burglary of a dwelling, and Count III, criminal mischief. The State argues that the trial court erred because both defendants waived their speedy trial rights when they requested and received continuances during the speedy trial period. We agree and reverse.
Gibson and Creamer cross appeal the order denying their motion for discharge directed to Count II, witness tampering. We affirm that order because the record does not provide this court with sufficient information to determine whether the speedy trial time expired with respect to Count II.[1]
Separate informations charging criminal mischief were filed against the two defendants on October 7, 1998. Gibson was arrested that same day; Creamer was arrested the next. The two defendants requested a joint trial. Gibson and Creamer concede in their brief that they "requested at least one continuance on November 25, 1998, according to the record." November 25, 1998, was the date of their first status conference. A subsequent status conference was conducted on February 25, 1999, and the trial date was set for April 12.
On April 8, four days before the scheduled trial, a joint status conference was held. It began with the State orally announcing its intention to enter a nolle prosequi (nol pros) for both cases. The record reflects that the State's written nol pros of the criminal mischief charges against both defendants was actually filed at 11:38 a.m. on April 8, 1999. The State also, at that same minute, filed an Amended Information solely against Gibson using the identical case number charging her with three counts: Count I for burglary, Count II for witness tampering, and Count III for criminal mischief. Just 22 minutes after the nol prosses and the amended *1158 information were filed, the defendants filed a handwritten joint Notice of Expiration of speedy trial. One minute later, the State filed an Amended Information against Creamer charging her with the same three counts as were pled in the Amended Information against Gibson.
On November 16, 1999, the State filed a single information against both defendants, this time using case number 99-904-CF (A)(B). This information alleged the same three charges as were pled in the amended informations. On December 9, 1999, the defendants filed their Motion for Discharge based on violation of their speedy trial rights. The trial court granted discharge as to Counts I and III and, based on the decisions in Reed v. State, 649 So.2d 227 (Fla.1995) and State v. Agee, 622 So.2d 473 (Fla.1993), held that the State could not refile these charges in the Information in case number 99-904-CF.
In order to resolve the issue of whether Gibson and Creamer should be discharged pursuant to the speedy trial rule, we must begin our analysis with rule 3.191, Florida Rules of Criminal Procedure. Pursuant to the provisions of rule 3.191(a), if an individual charged with a felony is not brought to trial within 175 days of the date he or she is taken into custody, the remedy of discharge provided in rule 3.191(p) may be invoked by filing a notice of expiration of the 175-day time limit pursuant to rule 3.191(h). See also Fla.R.Crim.P. 3.191(p)(2) ("The defendant may, at any time after the expiration of the prescribed time period, file a notice of expiration of speedy trial time.").
The provisions of rule 3.191 make it evident that the rule is not self executing: it requires the defendant to take certain steps to trigger application of rule 3.191(p)(3) which will either ensure a speedy trial or a discharge from the alleged crime. R.J.A. v. Foster, 603 So.2d 1167 (Fla.1992); State v. Robinson, 744 So.2d 1151 (Fla. 1st DCA 1999). The filing of the notice of expiration pursuant to rule 3.191(h) is the trigger that invokes the procedural protections afforded by the speedy trial rule. But this triggering mechanism must be utilized timely or it will not work. Rule 3.191(h) provides that the notice is timely and valid if filed "on or after the expiration of the periods of time for trial" provided by rule 3.191(a).
In the instant case, both Gibson and Creamer requested and were granted continuances well within the 175 day trial period. It is axiomatic under Florida law that a trial continuance granted at the request of the accused constitutes a waiver of the right to a speedy trial under rule 3.191.[2]Stewart v. State, 491 So.2d 271 *1159 (Fla.1986); State v. Guzman, 697 So.2d 1263 (Fla. 3d DCA 1997); Moore v. State, 697 So.2d 569 (Fla. 3d DCA 1997); State v. Wilkes, 694 So.2d 127 (Fla. 5th DCA 1997); State v. Daniels, 413 So.2d 1256 (Fla. 5th DCA 1982); Eire v. Kaney, 393 So.2d 649 (Fla. 5th DCA 1981). Thus when Gibson and Creamer filed their Notice of Expiration on April 8, it was untimely and, therefore, a nullity and it could not trigger the procedural mechanism of rule 3.191(p).
Gibson and Creamer argue that the waiver of speedy trial only applied to the first information that charged them with criminal mischief and did not extend to the subsequently filed amended informations and the later filed single information. However Florida courts have consistently held that a waiver of speedy trial as to the initial information applies to amended or subsequently filed informations that charge additional crimes provided those crimes arise out of the same criminal episode as the crime initially charged. Haliburton v. State, 514 So.2d 1088 (Fla.1987); Stewart (holding that when a defendant requests a continuance prior to expiration of the speedy trial period for the crime with which he is charged, the defendant waives his speedy trial right as to all charges which emanate from the same criminal episode); Morris v. State, 715 So.2d 1177 (Fla. 4th DCA 1998); State v. Savorelli, 669 So.2d 1083 (Fla. 2d DCA 1996).
With respect to the crimes charged in Counts I and III, the trial court found that those offenses arose out of the same criminal episode. Thus the single information charging both Gibson and Creamer with criminal mischief and burglary of a dwelling involves criminal conduct that arises from the conduct incident to the criminal mischief charge filed in the original information. Therefore, subsequent to the nol pros, when the State filed its amended informations and the later-filed single information, speedy trial continued to be waived with respect to the criminal mischief and burglary charges.
Gibson and Creamer contend that the decisions in Reed v. State, 649 So.2d 227 (Fla.1995) and State v. Agee, 622 So.2d 473 (Fla.1993) prevent the State from filing the single information after the expiration of the 175 day speedy trial time limit. We disagree. The court in Agee held "that when the State enters a nol pros, the speedy trial period continues to run and the State may not refile charges based on the same conduct after the period has expired." 622 So.2d at 475. Agee is the protagonist in a cause championed by the Florida Supreme Court to ensure that rule 3.191 is utilized to "promote the efficient operation of the court system and to act as a stimulus to prosecutors to bring defendants to trial as soon as practicable, thus minimizing the hardships placed upon accused persons awaiting trial." Id. (quoting Lewis v. State, 357 So.2d 725, 727 (Fla. 1978)). Agee spawned the decisions in Genden v. Fuller, 648 So.2d 1183 (Fla. 1994); Farina v. Perez, 647 So.2d 113 (Fla.1994); and Dorian v. State, 642 So.2d 1359 (Fla.1994), which were harbingers to the finale in Reed wherein the court held that once a defendant is arrested and the speedy trial period runs on a particular charge, the defendant must be discharged for the crime actually charged and for all other crimes arising from the same criminal episode, regardless of whether he was arrested for and formally charged with those crimes.
Although the decisions in Reed and Agee have been much maligned,[3] it is not for us *1160 to say that these decisions are wrong and disregard them. However, we must distinguish them when appropriate. It is appropriate here.
The decisions in Reed and Agee are distinguishable from the instant case because the speedy trial period in those cases had not been waived by the defendant when the state entered its nol pros. In the instant case, because the defendants sought a continuance early in the speedy trial period, the speedy trial right under rule 3.191 had been waived before the speedy trial period expired. See Runyon v. State, 743 So.2d 619 (Fla. 4th DCA 1999) (holding that defendant's motion for continuance constituted a waiver of speedy trial, making the holding in Agee inapplicable to the case); Wilkes. Thus the trial court erred when it held that the State could not refile the burglary and criminal mischief charges via the Information in case number 99-904-CF pursuant to Reed and Agee because this ruling failed to give consideration to the effect of the defendants' motions for continuance early in the case. This conclusion brings our analysis to the impact of the defendants' Motion for Discharge filed in December 1999.
The Motion for Discharge asserted that discharge was required because the State failed to schedule a hearing pursuant to the Notice of Expiration within five days as required by rule 3.191(p)(3) and failed to conduct a trial of the defendants within ten days thereafter. However, as previously discussed, the Notice of Expiration was a nullity because speedy trial had already been waived and the notice itself was insufficient to reinstate Gibson and Creamer's right to a speedy trial. Further, the Motion for Discharge was insufficient to trigger rule 3.191(p)(3) procedures because a Motion for Discharge is not synonymous with a Notice of Expiration under rule 3.191(h). See Dabkowski v. State, 711 So.2d 1219 (Fla. 5th DCA 1998) (holding that a defendant who filed a motion for discharge rather than a notice of expiration was not entitled to dismissal of the charges against him; defendant is entitled to speedy trial, not speedy dismissal); Clark v. State, 698 So.2d 1274 (Fla. 3d DCA 1997) (same).
Based upon the above analysis, we conclude that the trial court erred in ordering the discharge of the defendants from Counts I and III. We, therefore, reverse that order and remand this case for further proceedings.
REVERSED and REMANDED.
THOMPSON, C.J., and PLEUS, J., concur.
NOTES
[1] The trial court refused to discharge Gibson and Creamer from Count II because it arose from an incident other than the one that gives rise to the criminal mischief and burglary charges. Speedy trial on the tampering charge began when Gibson and Cramer were taken into custody, which occurred when they were arrested on that charge or when they were served with a notice to appear. Fla. R.Crim.P. 3.191(d). The record does not disclose if or when either of these events occurred in regards to the tampering charge. Because Gibson and Creamer had the burden of providing a record to support their argument and failed, we affirm the trial court's order relating to Count II. See State v. Yero, 377 So.2d 45 (Fla. 3d DCA 1979) (affirming order of discharge because on the record provided, the state failed to meet the burden of showing the trial court erred).
[2] Once speedy trial is waived, the accused continues to have available the right to demand speedy trial pursuant to rule 3.191(b) as well as his or her constitutional right to speedy trial guaranteed under the state and federal constitutions. Butterworth v. Fluellen 389 So.2d 968 (Fla.1980); Banks v. State, 691 So.2d 490 (Fla. 4th DCA 1997); Blackstock v. Newman, 461 So.2d 1021, 1022 (Fla. 3d DCA 1985) ("The speedy trial rule is a procedural device only and not a constitutional right. Once the speedy trial rule has been waived, it is supplanted by the constitutional speedy trial period which is measured by tests of reasonableness and prejudice, not specific numbers of days.") (citing Brownlee v. State, 427 So.2d 1106 (Fla. 3d DCA 1983); Gallego v. Purdy, 415 So.2d 166 (Fla. 4th DCA 1982)); Daniels. Gibson and Creamer did not file a demand pursuant to rule 3.191(b). Furthermore, the notice of expiration of speedy trial filed in the instant case could not act as a substitute, as Gibson and Creamer argue, for a demand for speedy trial pursuant to rule 3.191(b) because the substance of the notice does not contain a demand for speedy trial and it was not served on the State. See State v. Parham, 446 So.2d 188 (Fla. 3d DCA 1984) (holding that the demand was ineffective to commence the running of the speedy trial period where written demand failed to satisfy criminal rules requiring service of a copy of such demand upon the prosecuting attorney).
[3] See the dissenting opinions by Justices Overton, Shaw, and Wells in Reed.