DELL, J.
Michael Bryant appeals the denial of his motion for discharge and his sentence for child neglect. We reverse.
On October 3, 1996, the state filed a three-count Information naming a female victim in case number 96-19155. On October 23, 1996, the state filed an eleven-count Amended Information in the same case naming only a male victim. The record does not reflect what action, if any, took place in case number 96-19155 until appellant filed a demand for speedy trial[1] on April 27, 1998. Thereafter, on June 9, 1998, appellant gave notice of the expiration of the time for speedy trial. In response, on June 10, 1998, the state nol prossed the Amended Information.
On June 16, 1998, the state filed an Information in case: number 98-12309, *618 which it captioned as a “Refile Information.” The Refile Information alleged the same charges and dates related to the female victim named in the October 3,1996 Information filed in case number 96-19155. On July 22, 1998, appellant filed a motion to have the Information in case number 98-12309 discharged, alleging that the speedy trial period had expired as to the female victim. On October 26, 1998, the trial court denied appellant’s motion, concluding that the Amended Information “su-perceded” the October 3, 1996 Information and the state’s nol pros in case 96-19155 only concerned the male victim. Subsequently, pursuant to an agreement with the state, appellant pled no contest to the reduced charge of child neglect and reserved his right to appeal the denial of his motion for discharge. This appeal is from the October 26, 1998 order denying appellant’s motion for discharge and the judgment and sentence imposed on June 11, 1999.
When the state filed the Amended Information in case number 96-19155 without reasserting the charges related to the female victim, the state effectively nol prossed the October 3, 1996 Information. See State v. Stell, 407 So.2d 642, 643 (Fla. 4th DCA 1981)(“The filing of an ‘amended’ Information which has been signed and sworn to has the legal effect on the original Information of a nolle prosequi.”). The trial court correctly concluded that the Amended Information in case number 96-19155 superceded and replaced the October 3, 1996 Information, and therefore, appellant’s demand for speedy trial only pertained to the charges concerning the male victim. However, the trial court erred when it denied appellant’s motion for discharge.
Although the Amended Information effectively nol prossed the charges related to the female victim, the time for speedy trial continued to run. In State v. Agee, 622 So.2d.473 (Fla.1993), the Supreme Court held that “when the State enters a nol pros, the speedy trial period continues to run and the State may not refile charges based on the same conduct after the period expired.” Id. at 475. Moreover, when the state filed its Refile Information, the time for speedy trial, as to the female victim’s charges, had expired.
Florida Rule of Criminal Procedure 3.191(a) provides that every person charged with a felony by information shall be brought to trial within 175 days. The trial court should have treated appellant’s motion for discharge as a notice of expiration of speedy trial period and set a hearing within five days of the notice. See Fla. R.Crim. P. 3.191(p). At which point, unless the trial court found that discharge was inappropriate for reasons set forth in Florida Rule of Criminal Procedure 3.191(j), it should have ordered that appellant be brought to trial within ten days. See id. Since the trial court took no action in response to appellant’s motion for discharge other than to deny it, appellant was entitled to a discharge.
Accordingly, we reverse the order denying appellant’s motion for discharge. We also reverse appellant’s judgment and sentence for child neglect in case number 98-12309.
REVERSED.
STONE and STEVENSON, JJ., concur.

. Appellant made one demand for speedy trial in three different cases: case number 95-14891; case number 96-05535; and case number 96-19155. Only case number 96-19155 relates to the disposition of this appeal.