848 So.2d 436 (2003)
STATE of Florida, Appellant,
v.
Roger R. DEMARS, Appellee.
No. 4D01-4950.
District Court of Appeal of Florida, Fourth District.
July 2, 2003.
*437 Charles J. Crist, Jr., Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellant.
Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellee.

EN BANC
WARNER, J.
In granting a motion to discharge appellee Demars from felony petit theft charges, the trial court followed Bryant v. State, 757 So.2d 617, 618 (Fla. 4th DCA 2000), in which we determined that the trial court should have treated a motion for speedy trial discharge as a notice of expiration of speedy trial time and set a hearing within five days of the notice as required by Florida Rule of Criminal Procedure 3.191(p). Because the hearing in this case was not set until fifteen days after the motion was filed, leaving no time within the window created in the rule to try Demars, the court ordered his discharge. We recede from Bryant and instead adopt the reasoning of Clark v. State, 698 So.2d 1274 (Fla. 3d DCA 1997), which determined that a motion for discharge should not be treated as a notice of expiration of speedy trial, triggering the five day hearing. We therefore reverse.
After having first been arrested for a misdemeanor, which the state nolle prossed, the state refiled the information against Demars and arraigned him on the charge of felony petit theft, 213 days from Demars' original misdemeanor arrest, well past the speedy trial period. See Fla. R.Crim. P. 3.191(a). A month and a half later, Demars filed a motion for discharge, alleging the state failed to bring him to trial within the speedy trial period. Eleven days later the state moved to strike Demars' motion, because he failed to file a notice of expiration of speedy trial pursuant to Rule 3.191(p)(2). Both motions were heard by the trial court four days later, fifteen days after the filing of the motion for discharge. Bound by Bryant, the trial court granted the motion for discharge, and the state appeals.
The facts of Bryant are very similar to this case. The state had filed an information against Bryant naming a female victim. It later amended this same information naming only a male victim. This case apparently languished for over a year. Prompted by a motion for discharge due to speedy trial, the state nol prossed the information and refiled an information alleging the same charges and dates but only as *438 to the female victim. A month later, Bryant filed a motion to discharge the newly filed information based upon speedy trial. Three months later the court denied the motion. See id. at 617-18. We concluded that although the amended information constituted a nol prosse as to the original charges regarding the female victim, the speedy trial time continued to run, citing State v. Agee, 622 So.2d 473, 475 (Fla.1993). Therefore, when the state refiled the information, the time for speedy trial had run, similar to the facts of this case. We then said:
The trial court should have treated appellant's motion for discharge as a notice of expiration of speedy trial period and set a hearing within five days. See Fla. R.Crim. P. 3.191(p). At which point, unless the trial court found that discharge was inappropriate for reasons set forth in the Florida Rule of Criminal Procedure 3.191(j) it should have ordered that appellant be brought to trial within ten days. See id. Since the trial court took no action in response to appellant's motion for discharge other than to deny it, appellant was entitled to a discharge.
Bryant, 757 So.2d at 618.
This same factual scenario was present in Clark, 698 So.2d 1274, where the defendant filed a motion for discharge, not a notice of expiration of speedy trial. The court determined that because the defendant failed to file the requisite "notice" he was not entitled to discharge. See id. at 1275. The court rejected the defendant's contention that refusing to treat the motion as the "notice" elevates form over substance. The court stated:
In accordance with the precise purpose a "notice" is designed to serve under the scheme carefully crafted by rule 3.191(p), the filing of a document which is so designated alerts the clerk and the prosecution that the case must immediately be brought to the attention of the court by placing it on its calendar within a day or two so that the recapture period may be complied with. On the other hand, since a "motion to discharge" may not be granted unless it is well taken when filed, there is no necessity for scheduling it at any particular time. As defense counsel may well have anticipated, that is exactly what, as a direct result of the fact that a "motion" and not a "notice" was filed, occurred below.... Having thus attempted, as it were, to entrap the clerk, the prosecution and the court into depriving him of rights which he did not appropriately assert, the defendant cannot now argue that it does not matter that he did not claim them in the way required by the rule itself.
Id. at 1275 (citations omitted); accord, Dabkowski v. State, 711 So.2d 1219, 1220 (Fla. 5th DCA 1998).
We agree with the reasoning in Clark, that a notice, not a motion, is required to trigger the expiration of recapture period.[1] Rule 3.191(p)(2) states:
At any time after the expiration of the prescribed time period, the defendant may file a separate pleading entitled *439 "Notice of Expiration of Speedy Trial Time," and serve a copy on the prosecuting authority.
(Emphasis added). Because the trial court is responsible for setting an immediate hearing, the notice must be brought to the court's attention. When the notice is styled as a motion for discharge, a clerk accepting it for filing may not distinguish it from the myriad of motions filed in the clerk's office. We cannot expect the nonlawyer personnel of the clerk's office to pour over motions to determine whether they seek a speedy trial discharge, requiring the court's immediate attention. Moreover, even the state attorney's office may not treat a motion for discharge with the same urgency as a notice. Strict compliance with the rule is a practical necessity.
Although we might harmonize Bryant with our result here by allowing a trial court to treat a motion for discharge as a notice of expiration of speedy trial when the trial court becomes "aware" of it, that approach is fraught with the possibility of inconsistent results. We fear that we would be inviting a multitude of disputes as to exactly when a trial judge became "aware" that a motion for discharge constituted an assertion that the speedy trial time had expired. The rule is specific and easy for defense counsel to follow. We see no need to complicate the process by permitting other means of compliance.
We therefore reverse the order of discharge and remand for further proceedings.
GUNTHER, KLEIN, STEVENSON, SHAHOOD, GROSS and TAYLOR, concur.
MAY, J., concurs specially with opinion, in which POLEN, J., and STONE, J., concur.
FARMER, C.J., dissents with opinion.
HAZOURI, J., recused.
MAY, J., specially concurring.
I concur with the result in this case. I write only to express my view that this court need not recede from Bryant v. State, 757 So.2d 617 (Fla. 4th DCA 2000) to achieve the result. I agree with the majority that the "filing" in the clerk's office of a motion for discharge cannot be the "trigger" for a five-day hearing or the ten-day recapture period because unlike a notice of expiration of speedy trial, it does not put the trial court on "notice." I further agree that the clerk's office should not be required to determine if a motion for discharge requires the court's immediate attention. I also acknowledge that the 1992 amendment to Florida Rule of Criminal Procedure 3.191 appears to have renamed an initial motion for discharge, replacing it with the term "notice of expiration of speedy trial." I don't agree, however, that the remedy set forth in subsection (p) is inapplicable to the motion for discharge in this case.
Florida Rule of Criminal Procedure 3.191(p) provides the "Remedy for Failure to Try Defendant within the Specified Time." I would hold that this remedy is available whether an initial motion for discharge is filed and called to the court's attention or a "notice of expiration of speedy trial" is filed. As noted by the majority, the Florida Rules of Juvenile Procedure more clearly delineate the process to be followed when a motion for discharge is filed. By our opinion today, we have effectively eliminated the remedy set forth in subsection (p) when the defendant files a motion for discharge prior to filing a notice of expiration of speedy trial.
A review of the evolution of Florida Rule of Criminal Procedure 3.191 over the last couple of decades reveals why the remedy *440 set forth in subsection (p) should be applied to the motion for discharge filed in this case. In 1984, the rule provided for the immediate discharge of the defendant if not tried within 180 days unless the court found the delay to be attributable to the defendant pursuant to subsection (d)(3). The 1984 amendment to the rule took effect in 1985 and provided a "remedy" subsection. No longer was a discharge automatic. Rather, the remedy subsection was designed "to provide the state attorney with 15 days within which to bring a defendant to trial from the date of the filing of the motion for discharge." Fla. R.Crim. P. 3.191 cmt. (1985). Interestingly, the fifteen-day period began to run from the filing of the motion "regardless of whether the judge hears the motion." Id.
The next significant change in the rule occurred as a result of the 1992 amendment. The comment to that amendment states "the committee recommends the rule be amended to differentiate between 2 separate and distinct pleadings now referred to as `motion for discharge.' The initial `motion for discharge' has been renamed `notice of expiration of speedy trial time.'" Prior to this amendment the remedy subsection spoke only in terms of a motion for discharge. As a result of the amendment, the remedy subsection (changed from (i) to (p)) now uses the term "notice of expiration of speedy trial" in place of a "motion for discharge."
The commentary makes clear that an initial "motion for discharge" is now to be labeled a "notice of expiration of speedy trial." However, subsection (j), which must be reviewed before the remedy can be applied, still speaks in terms of a motion for discharge. The rule therefore continues to create confusion.
For this reason, I believe that an initial motion for discharge should be treated just like a notice of expiration of speedy trial as contemplated by the 1992 amendment. However, the remedy for an initial motion should only be "triggered" when the motion for discharge is brought to the court's attention on the record. This can occur as a result of a hearing set by the defendant or by the motion being called to the court's attention during a status conference. When that occurs, the court should conduct a hearing within five days to be followed by the ten-day recapture period as set forth in subsection (p) of rule 3.191 when appropriate. The confusion created by the title of the document should not give way to the substantive nature of the pleading. Regardless of what it is called, subsection (p) provides the remedy. If the state cannot try the case within the specified time frame, then upon the filing of a motion for discharge, the court must consider the factors set forth in subsection (j). If none of them apply, then the defendant shall be tried within 10 days or discharged.
In Bryant, our court held that the trial court erred in denying a motion for discharge outright without providing for a hearing within five days, as set forth in Florida Rule of Criminal Procedure 3.191. In my view, that is all that Bryant required and is in accordance with the commentary to the rule. Bryant did not state that the five-day hearing deadline was triggered by the "filing" of the motion for discharge. Rather, it reiterated the proper remedy when a trial court "considers" an initial motion for discharge.
For these reasons, I agree with the result reached by the majority, but not its reasoning. I do not believe it is necessary for the court to recede from Bryant.
POLEN and STONE, JJ., concur.
FARMER, J., dissenting.
If a tree falls in the forest, and no one hears it fall, can anyone say that it never *441 fell? If defendant files a motion for discharge with the Clerk, and no one looks at it, can anyone say that it was not filed? In today's case, the state argues that the philosophical conundrum should be answered that the tree was never felled, that the motion was never filed. As ontology this is all quite refutable; as jurisprudence it is impossible.
I take the state's argument to imply that nothing exists in the criminal court files until it has been called to the attention of the trial judge through a hearing duly noticed. While notices of hearing are indispensable, I do not understand why the absence of one negates the very existence of what has been filed but not set for hearing.
Surely a defendant filing a motion for a speedy trial discharge must serve the prosecutor with the paper. After such a filing, why isn't the burden then on the prosecutor to take heed of the motion, thence to deduce that a defendant may have to be discharged if action is not promptly taken? Why does the state believe that such a motionone that surely alerts the prosecutor that the time for a speedy trial is in danger of lapsingdoes not exist for that purpose? Why indeed.
I would hold the prosecution to knowing what the motion so obviously imports. If a speedy trial discharge is the consequence, I would not shrink from it. So be it. Rules set outcomes. Here the outcome follows from the purpose behind the speedy trial rule.
I cannot subscribe to this Through The Looking Glass world the state would have us construct.
NOTES
[1] We note that under the Rules of Juvenile Procedure, there is no requirement for a Notice of Expiration of Speedy Trial. Instead, the respondent may file a motion for discharge and simultaneously file a notice of hearing, both of which shall be served on the prosecutor. See Rule 8.090(m)(2). As the Committee Notes explain, "[t]his rule requires a notice of hearing at the time of filing the motion of discharge to ensure that the child's motion is heard in a timely manner." This requirement is not part of the Rules of Criminal Procedure, but as this case indicates, placing the responsibility on the defendant asserting his right to a rule-based speedy trial discharge would also ensure that the defendant's motion is timely heard.