856 So.2d 1100 (2003)
Derek Desmond QUALLO, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D03-4133.
District Court of Appeal of Florida, First District.
October 20, 2003.
Russell J. Williams, Fort Lauderdale, for Petitioner.
Charlie Crist, Attorney General; Thomas D. Winokur, Assistant Attorney General, Tallahassee, for Respondent.
WEBSTER, J.
Petitioner seeks a writ of prohibition to prevent the trial court from proceeding further with his pending criminal case. He claims that the state did not file formal charges against him until 14 months after his arrest; that he filed a motion for discharge asserting he had not been tried within the period specified by Florida Rule of Criminal Procedure 3.191(a); and that the trial court denied the motion without a hearing by an order holding that the motion for discharge was premature because petitioner had not filed a notice of expiration of speedy trial as required by rule 3.191(p)(2). Petitioner asserts that he was entitled to immediate discharge on motion, and that no notice of expiration of speedy *1101 trial was necessary because, given the facts, the state is not entitled to the recapture period afforded by rule 3.191(p)(3). He relies on State v. Williams, 791 So.2d 1088 (Fla.2001), Genden v. Fuller, 648 So.2d 1183 (Fla.1994), and State v. Agee, 622 So.2d 473 (Fla.1993).
In response to an order to show cause, the state concedes that, assuming petitioner's recitation of the facts is correct, the trial court's order would be in error and, based on Williams, Genden and Agee, petitioner would be entitled to the relief he seeks. We agree. The facts alleged by petitioner are indistinguishable from those in Williams, in which the court, relying on Genden and Agee, held that the state was not entitled to the benefit of the rule 3.191 recapture period and the trial court should have granted the motion for discharge. Accordingly, if the facts are as alleged by petitioner, he is entitled to discharge. But cf. State v. Demars, 848 So.2d 436 (Fla. 4th DCA 2003) (en banc) (where, in a case apparently factually indistinguishable from Genden, the court held that a notice of expiration of speedy trial was necessary, implying that the state is entitled to the benefit of the rule 3.191(p) recapture period, without citing or discussing either Williams or Genden).
Although the state concedes that the trial court misapplied rule 3.191, it argues that we must, nevertheless, deny the petition because a factual dispute exists regarding when petitioner was "taken into custody," as that term is used in rule 3.191. See Fla. R.Crim. P. 3.191(d) (defining when "a person is taken into custody"). Again, we agree. It is not clear from the petition when petitioner was "taken into custody" for purposes of rule 3.191 because it is not clear that he was "arrested" as he claims, and prohibition is not an appropriate proceeding in which to resolve disputed issues of fact. McKinney v. Yawn, 625 So.2d 885, 886 (Fla. 1st DCA 1993). Accordingly, we are constrained to deny the petition for a writ of prohibition. However, in its response the state requests that we also direct the trial court to conduct an evidentiary hearing on the motion for discharge, and to grant the motion if it determines that petitioner was "taken into custody" for purposes of rule 3.191 more than 175 days before the information was filed. We grant this request, and direct the trial court to conduct such a hearing.
PETITION FOR WRIT OF PROHIBITION DENIED.
KAHN and POLSTON, JJ., concur.