PER CURIAM.
 

 The state appeals from a final order granting William Anderson, Jr.’s, motion for discharge based upon a speedy trial violation. Because Anderson never filed the requisite “Notice of Expiration of Speedy Trial Time” as the applicable rule specifically requires, we reverse.
 

 The state filed a three-count Information against Anderson charging him with possession of cocaine, possession of marijuana, and reckless driving.
 

 Rule 3.191(a), Fla. R.Crim. P., provides that “[e]very person charged with a crime shall be brought to trial within 90 days of arrest if the crime charged is a misdemeanor, or within 175 days of arrest if the crime charged is a felony.” Anderson’s speedy trial period expired on November 14, 2007.
 

 On November 21, 2007, Anderson filed a motion for discharge. In a hearing on March 19 and 20, 2008, the state acknowledged that it received the motion for discharge but argued that such a motion was insufficient because it was not preceded by a “Notice of Expiration of Speedy Trial Time” which would have triggered a fifteen day recapture period as provided in rule 3.191(p). That rule provides:
 

 Remedy for Failure to Try Defendant within the Specified Time.
 

 [[Image here]]
 

 (2) At any time after the expiration of the prescribed time period, the defendant may file a separate pleading entitled “Notice of Expiration of Speedy Trial Time,” and serve a copy on the prosecuting authority.
 

 (3) No later than 5 days from the date of the filing of a notice of expiration of speedy trial time, the court shall hold a hearing on the notice and, unless the court finds that one of the reasons set
 
 *1160
 
 forth in subdivision (j) exists, shall order that the defendant be brought to trial within 10 days. A defendant not brought to trial within the 10-day period through no fault of the defendant, on motion of the defendant or the court, shall be forever discharged from the crime.
 

 The trial court granted Anderson’s motion for discharge holding that the state’s argument was “no more than form over substance.” The state now appeals. We reverse based on
 
 State v. Demars,
 
 848 So.2d 436 (Fla. 4th DCA 2003), in which this court explained that strict compliance with the rule is not optional:
 

 [A] notice, not a motion, is required to trigger the expiration of recapture period. * * * Because the trial court is responsible for setting an immediate hearing, the notice must be brought to the court’s attention. When the notice is styled as a motion for discharge, a clerk accepting it for filing may not distinguish it from the myriad of motions filed in the clerk’s office. We cannot expect the non-lawyer personnel of the clerk’s office to pour over motions to determine whether they seek a speedy trial discharge, requiring the court’s immediate attention. Moreover, the state attorney’s office may not treat a motion for discharge with the same urgency as a notice. Strict compliance with the rule is a practical necessity.
 

 Id.
 
 at 438-39.
 

 As we stated in
 
 Demars,
 
 the rule is specific and easy to follow. We therefore reverse the order of discharge and remand for further proceedings. We acknowledge that the First District has reached a contrary result in
 
 Quallo v. State,
 
 856 So.2d 1100 (Fla. 1st DCA 2003), and certify conflict.
 

 Reversed and remanded; conflict certified.
 

 GROSS, C.J., WARNER and CIKLIN, JJ., concur.