On Appellant’s Motion for Rehearing

GERBER, J.
We grant appellant’s motion for rehearing as to the proper disposition upon remand, withdraw our opinion dated September 27, 2012, and substitute this opinion in its place.
The state appeals from the circuit court’s order granting the defendant’s motion for discharge based on the expiration of the speedy trial period. The state argues there was insufficient proof that the defendant served the notice of expiration on the state and, therefore, the court erred in granting the motion for discharge. We agree with the state and reverse.
The state charged the defendant with various felonies. After the speedy trial period expired, the defendant, acting pro se, filed a motion for discharge based on the expiration. At a hearing on the motion, the state indicated that it had not received the defendant’s notice of expiration of the speedy trial period which would have preceded the motion for discharge. The defendant, now represented by counsel, responded that he sent the notice to the clerk, the state, and the court on a certain date before filing the motion for discharge. The court reviewed the clerk of court’s computer docket. The computer docket indicated that the defendant filed a demand for speedy trial on the date which the defendant indicated. The court then reviewed the file and could not find any document which the defendant filed on or around the date which the defendant indicated. The court and the state then both indicated that they did not receive the notice which the defendant claimed to have sent. Based on the foregoing, the court entered an order denying the motion for discharge.
At a hearing two days later, the defendant’s counsel represented that, after the previous hearing, he located the original notice of expiration in the clerk’s office. The notice was recorded as having been filed on the date which the defendant indicated at the previous hearing.
Based on the notice having been located, the court immediately held an evidentiary hearing. The defendant, the circuit court clerk supervisor, and the prosecutor’s assistant testified. The defendant testified that he sent the notice to the clerk, the *611 state, and the court. The clerk supervisor testified that the clerk’s office misdocketed the notice as a demand for speedy trial. The prosecutor’s assistant testified that he did not receive the notice.
The court found that both the defendant and the prosecutor’s assistant were credible. The court then stated:
[The defendant] did file his notice of expiration of speedy ... [I]t’s clocked in with the clerk ... and it should have been set down by the clerk’s office within five days ... And, it wasn’t ... I did take testimony with regards to the fact that [the defendant] filed it, and there’s three envelopes ... I have no reason to be disbelieve the state’s witness either ... [G]iven the circumstances, I find that [the defendant] has carried his burden, beyond a reasonable doubt. And, based on that, I am going to reverse my decision and grant the motion for discharge.
Following the hearing, the court entered a written order granting the defendant’s motion for discharge.
This appeal followed. The state argues that there was insufficient proof that the defendant served the notice of expiration on the state. The defendant argues that the circuit court found he served the notice on the state, and that the record does not contradict the court’s finding.
Based on these arguments, we employ a mixed standard of review. See State v. Baynham, 72 So.3d 796, 797-98 (Fla. 4th DCA 2011) (on the state’s appeal of an order granting a defendant’s motion for discharge on speedy trial grounds, an appellate court will defer to the trial court’s factual findings if supported by competent, substantial evidence; however, the interpretation of the rules and procedures regarding the right to a speedy trial is subject to de novo review) (citations omitted).
We agree with the state’s argument. Florida Rule of Criminal Procedure 3.191(p)(2) (2011) states: “At any time after the expiration of the prescribed time period, the defendant may file a separate pleading entitled ‘Notice of Expiration of Speedy Trial Time,’ and serve a copy on the prosecuting authority.” Fla. R.Crim. P. 3.191(p)(2) (2011) (emphasis added). We interpret the word “serve” in this context to include the state’s receipt or awareness of the notice. If we were to interpret the word “serve” in this context to require only that the defendant send the notice, then the state would bear the risk of losing the recapture period, through no fault of its own, where the state did not receive or otherwise become aware of the notice. Cf. State v. Montgomery, 68 So.3d 342, 346 (Fla. 4th DCA 2011) (“[T]he state should not bear the risk of losing the recapture period if prison authorities do not timely forward the defendant’s notice of expiration of speedy trial to the court for filing.”).
The circuit court’s legal error here was that, after finding both the defendant and the prosecutor’s assistant to be credible, the court based the discharge only on the defendant’s testimony that he sent the notice. However, by finding both the defendant and the prosecutor’s assistant to be credible, the court necessarily found that the defendant sent the notice and the state did not receive it. Because the court found that the state did not receive the notice, and because no competent, substantial evidence existed that the state otherwise became aware of the notice, the court erred as a matter of law in granting the motion for discharge. Such a result is particularly justified here because the clerk’s office misfiled the notice as a de *612 mand for speedy trial and thé court did not receive the notice either.
By this opinion, we do not mean to suggest that the state may avoid the expiration of the speedy trial period in every case by claiming that it did not receive or otherwise become aware of the notice. If a ease like this were to recur, that is, with the defendant claiming that he sent the notice, and with the state claiming that it did not receive or otherwise become aware of the notice, the proper procedure by which to resolve that factual issue is for the court to conduct an evidentiary hearing, just as the court did in this case. In such a hearing, the defendant would have the initial burden to prove that he or she sent the notice. If the defendant meets that burden of proof, then a rebuttable presumption would arise that the state received the notice, and the burden would shift to the state to prove that it did not receive or otherwise become aware of the notice. Cf Fla. R.Crim. P. 8.080(e) (2011) (a certificate of service “shall be taken as prima facie proof of service in compliance with all rules of court and law.”); Thompson v. State, 761 So.2d 324, 326 (Fla.2000) (“[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date. This presumption will shift the burden to the State to prove that the document was not timely placed in prison officials’ hands for mailing.”).
We distinguish this case from those cases where the issue is whether the court became “aware” that the defendant filed the notice. In the latter situation, strict compliance with rule 3.191(p) is necessary. As we held on a related speedy trial issue in State v. Demars, 848 So.2d 436 (Fla. 4th DCA 2003):
Because the trial court is responsible for setting an immediate hearing, the notice must be brought to the court’s attention. ... Strict compliance with the rule is a practical necessity.
... We fear that we would be inviting a multitude of disputes as to exactly when a trial judge became “aware” that a motion for discharge constituted an assertion that the speedy trial time had expired. The rule is specific and easy for defense counsel to follow. We see no need to complicate the process by permitting other means of compliance.
Id. at 439 (emphasis added).
Based on the foregoing, we reverse the circuit court’s order granting the defendant’s motion for discharge. Consistent with rule 3.191(m), we direct that the defendant shall be brought to trial within 90 days from the date of receipt by the trial court of our mandate.[1] If the defendant is not brought to trial within the prescribed time period, then the defendant shall be entitled to the appropriate remedy as set forth in rule 3.191(p).

*613
Reversed and remanded for further proceedings consistent with this opinion.

STEVENSON and HAZOURI, JJ., concur.

. Rule 3.191(m) provides:
A person ... whose trial has been delayed by an appeal by the state ... shall be brought to trial within 90 days from ... the date of receipt by the trial court of a mandate, order, or notice of whatever form from a reviewing court that makes possible a new trial for the defendant, whichever is last in time. If a defendant is not brought to trial within the prescribed time periods, the defendant shall be entitled to the appropriate remedy as set forth in subdivision (p).
Fla. R.Crim. P. 3.191(m) (2011). See also State v. Rohm, 645 So.2d 968, 968 (Fla.1994) ("[T]he 90-day speedy trial period provided in Florida Rule of Criminal Procedure 3.191(m) applies whenever a trial has been delayed by appeal.”).