CORRECTED OPINION
DAMOORGIAN, J.
This appeal concerns the court’s dismissal of Appellant, ■ John Dougan’s, lawsuit challenging the Sheriff of Palm Beach .County’s (the “Sheriff’) purported policy of “not return[ing] firearms seized as a result of a safety call or safety check without a court order.” - We hold that Appellant sufficiently alleged a cause of action under section 790.33, Florida Statutes (2014), and, therefore, reverse and remand for further proceedings.

Background

In June of 2013, the Sheriffs office performed a safety check on Appellant after a family member called and expressed concern that Appellant was suicidal. During the course of the safety check, officers removed Appellant’s lawfully owned firearms from his home. Although Appellant was not arrested or taken for an involuntary examination pursuant to The Florida Mental Health Act,[1] the officers did not return Appellant’s firearms. Appellant made several requests for the return of his firearms, but was informed by the Sheriff that they would not be returned without a *881 court order. Ultimately, Appellant filed a replevin action against the Sheriff and obtained a court order requiring the return of his firearms.
Thereafter, Appellant filed the subject lawsuit alleging that the Sheriff enforced an illegal policy of retaining lawfully-owned firearms seized in' conjunction with a safety check until ordered by a court to return them against Appellant. Appellant sought damages for the deprivation of his property rights and the cost of bringing the replevin action, as well'as an injunction preventing the Sheriff from enforcing its policy.
Upon motion by the Sheriff, the court dismissed Appellant’s lawsuit with prejudice.[2] This appeal follows.

Analysis

Appellate courts review a dismissal order de-novo. Merovich v. Huzenman, 911 So.2d 125, 127 (Fla. 3d DCA 2005). When considering a motion to dismiss for failure to state a cause of action, the court must take the allegations of the complaint as true and, based on the facts as pled, determine whether the complaint can pass legal muster. Id.

a) Failure to State a Cause of Action

Appellant brought his suit pursuant to section 790.38 of the Florida Statutes, which provides, in pertinent part:
Except as expressly provided by the State Constitution or general law, the Legislature hereby declares that it is occupying the whole field of regulation of firearms and ammunition, including the purchase, sale, transfer, taxation, manufacture, ownership, possession, storage, and transportation thereof, to the exclusion of all existing and future county, city, town, or municipal ordinances or any administrative regulations or rules adopted by local or state government relating thereto. Any such existing ordinances, rules, or regulations are hereby declared null and void.
§ 790.33(1), Fla. Stat. (2014).
To that end, section 790.33(3)(f) creates a private cause of action for declaratory and injunctive relief as well as actual damages .up to $100,000 for anyone who is “adversely affected by any ordinance; regulation, measure, directive, rule, enactment, order, or policy promulgated or caused to be enforced in violation” of section 790.33. § 790.33(3)(f), Fla. Stat. (2014). Thus, Appellant could maintain a suit against the Sheriff if the Sheriff had a policy regulating firearms which was not authorized by an existing statute and enforced the policy against Appellant.
The Sheriff argues that Appellant could not maintain a cause of action under section 790.33 because the “policy” alleged in Appellant’s complaint — i.e. retaining firearms seized as a result of a safety call or safety check until ordered by the court to return them — was mandated by an Administrative Order in effect within the 15th Judicial Circuit in and for Palm Beach County, Florida. The administrative order relied on by the Sheriff is titled “In re: Prepayment of Fee for Filing Complaint of Replevin Against Law Enforcement” and, in part, states
Law Enforcement may seize the personal property of an individual during the *882 course of an investigation without subsequent charges being filed. Florida Statute § 983.14(3) (2009) requires that pistols and firearms taken by any officer, with or without a search warrant, shall be returned only upon order of a trial court judge.
Admin; Order No. 3.905-10/10 (Fla. 15th Cir. Ct. Oct. 19, 2010). The Sheriff reads the above-quoted portion of the order as meaning that it was required to keep Appellant’s firearms until ordered otherwise.
Pursuant to the Florida Rules of Judicial Administration, the chief judge of a circuit court has the authority,to enter and sign administrative orders which are “necessary to administer properly the court’s affairs.” Fla. R. Jud. Admin. 2.120(c); 2.215(b)(2). Thus, as administrative orders are limited to matters of eourt administration, “an administrative order which attempts to amend a statute or rule by adding terms and conditions ... is invalid.” Hatcher v. Davis, 798 So.2d 765, 766 (Fla. 2d DCA 2001). See also Dep’t of Juvenile Justice v. Soud, 685 So.2d 1376, 1379-80 (Fla. 1st DCA 1997) (striking down an administrative order which effectively amended a statute). Therefore, as the administrative order in question here could not amend or add to the statute it cited, the pertinent question is whether section 933.14(3) required or permitted the Sheriff to retain Appellant’s weapons.
Section 933,14 provides that “no pistol or firearm taken by any officer with a search warrant or without a search warrant upon a view by the officer of a breach of the peace shall be returned except pursuant to an order of a trial court judge.” § 933.14(3), Fla. Stat. (2014). Because there was no search warrant here, whether the Sheriffs actions fell under the parameters of section 933.14(3), and the Administrative Order depends on whether Appellant committed a “breach of the peace.”
“ ‘Breach of the peace’ is a generic term including all violations of the public peace,- order or decorum. A breach of the peace includes the violation of any law enacted to .preserve peace and good order.’ ” Edwards v. State, 462 So.2d 581, 583 (Fla. 4th DCA 1985) (internal citations omitted) (quoting B.A.A. v. State, 333 So.2d 552, 554 (Fla. 3d DCA 1976)). There are no Florida cases discussing whether exhibiting suicidal behavior in one’s home constitutes a “breach of the peace.” However, the terms of The Florida Mental Health Act, also known ,as the Baker Act, suggest that it does not. •
The Baker Act provides that:
A person may be taken to a receiving facility for involuntary examination if there is reason to believe that the person has a mental illness and because of his or her mental illness ... “[tjhere is a substantial likelihood that without care dr treatment the person will cause serious bodily harm to himself or herself or others in the near future, as evidenced by recent behavior.”
§ 394.463(1), (l)(b)2., Fla. Stat. (2014).
The Baker Act is replete with directives that a person who is admitted as a patient but not charged with a criminal offense should not be treated as a criminal and “shall not be deprived of any constitutional rights.” § 394.459(1), Fla. Stat. (2014), Indeed, the Baker Act specifically provides that “[procedures, facilities, vehicles, and restraining devices utilized for criminals or those accused of [a] crime shall not be used in connection with persons who have a mental illness, except for the protection of the patient or others.” § 394.459(1), Fla. Stat. Thus, pursuant to express Legislative directive as outlined in the Baker Act, exhibiting a mental health illness (such as expressing suicidal inclinations), is not by itself a violation of the law.
*883 This conclusion is bolstered by non-binding authority. In 2009, the- Florida Attorney General’s Office issued an opinion wherein it informed a law-enforcement agency that it may not retain firearms confiscated from a person sent for evaluation under the Baker Act in absence of an arrest and criminal charge against that person. Op. Att’y Gen. Fla. 09-04 (2009), The United States District Court for the Middle District" of Florida has favorably cited the'Attorney General’s Opinion, noting that: “It is fairly clear, however, that absent an arrest and filing of criminal charges, law enforcement cannot retain— and must return—firearms seized from persons who are taken into custody for an involuntary mental health examination under Florida’s Baker Act.” Keck v. Seminole Cty. Sheriff’s Office, 2010 WL 2822011, at *2 n. 6 (M.D.Fla. July 16, 2010).
Accordingly, section 938.04, and thus the Administrative Order addressing section 933.04, did not require or permit the Sheriff to retain Appellant’s firearms in response to a safety call'which did not result in a criminal investigation or charges. Therefore, Appellant sufficiently alleged that the Sheriff had a policy of retaining firearms which was not authorized by an existing statute and enforced it against Appellant.'1 As such, dismissal for failure to state a cause of action was not warranted.

b). Res .Judicata

Alternatively, the Sheriff argues that Appellant’s suit was properly dismissed because it was barred by the doctrine of res judicata." Specifically, the Sheriff argues that Appellant’s replevin suit barred future litigation over the Sheriffs retention of his firearms.
Res judicata means that:
[a] judgment on the merits rendered in a former suit between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain ór defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action. ■
Tyson v. Viacom, Inc., 890 So.2d 1205, 1209 (Fla. 4th DCA 2005) (citations omitted).
In order for the doctrine of res judicata to bar a subsequent suit, four identities must exist: (1) identity of the thing sued for;' (2) identity of the cause of action; (3) identity of persons and parties; and (4) identity of the quality or capacity of the persons for or against whom the claim is made.
Holt v. Brown's Repair Serv., Inc., 780 So.2d 180, 181-82 (Fla. 2d DCA 2001).
With respect to the identity of the thing being sued for, Appellant’s replevin action sought the return of his property while Appellant’s instant suit sought money damages for the Sheriffs violation of section 790.33 and an injunction preventing the Sheriff from enforcing its allegedly illegal policy. These “things” are not identical. See Jones v. State ex rel. City of Winter Haven, 870 So.2d 52, 55 (Fla. 2d DCA 2003) (holding that lawsuit for money damages for code violations did not share identity for thing sued for with lawsuit for foreclosure based on liens for code violations).
Likewise, the two suits did not share an identity of cause of action. “The presence of [identity of cause of action] is a question of ‘whether the facts or evidence necessary to maintain the suit are the same in both actions.’ ” Tyson, 890 So.2d at 1209 (quoting Albrecht v. State, 444 So.2d 8, 12 (Fla.1984)). In this case, the facts and evidence necessary to prove Ap *884 pellant’s claim for a violation of section 790.33 are not identical to those necessary to prove he was entitled to the return of firearms in the replevin suit. In order to be entitled to a return of seized property, a movant must allege and prove that “the property at issue was the movant’s personal property, was not the fruit of criminal activity, and was not being held as evidence.” Eight Hundred, Inc. v. State, 895 So.2d 1185, 1186 (Fla. 5th DCA 2005). Conversely, as discussed above, in order to allege a cause of action under section 790.33, the complaining party must allege and prove that it was “adversely affected by any ordinance, regulation, measure, directive, rule, enactment, order, or policy promulgated or caused to be enforced in violation” of section 790.33. § 790.33(3)(f), Fla. Stat. (2014).

Conclusion

Based on the foregoing, we hold that Appellant sufficiently pled a cause of action under section 790.33 and, therefore, the trial court erred in dismissing his suit with prejudice.

Reversed and remanded.

FORST, J., and PERLMAN, SANDRA Associate Judge, concur.

. The Florida Mental Health Act is codified in Chapter 394 of the Florida Statutes.

. The court's order does not specify the grounds for dismissal and the hearing on the Sheriff's motion to dismiss was not transcribed. This does not, however, impede our review as the sufficiency of a civil complaint is a question of law and the lack of transcript does not impede the court’s review of a pure legal question. See Rollet v. de Bizemont, 159 So.3d. 351, 357-58 (Fla. 3d DCA 2015) (lack of transcript did not preclude appellate court's review of order on -a motion to dismiss).