DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**REGINA HAWKINS,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D19-0007

[March 6, 2019]

Petition for writ of prohibition to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin S. Fein, Judge; L.T. Case No. 18-006731 CF10A.

Howard Finkelstein, Public Defender, and Lisa S. Lawlor, Assistant Public Defender, Fort Lauderdale, for petitioner.

Ashley B. Moody, Attorney General, Tallahassee, and Paul Patti, III, Assistant Attorney General, West Palm Beach, for respondent.

PER CURIAM.

Regina Hawkins petitions for a writ of prohibition seeking review of the denial of her motion for discharge under the speedy trial rule. The trial court denied discharge because the court did not receive a copy of Hawkins' notice of expiration. Hawkins strictly complied with the rules by filing her notice with the clerk of court and serving a copy on the State. She was not brought to trial within the recapture period, and the rules do not allow the trial court to deny discharge based on its lack of awareness of a notice of expiration. We grant the petition.

Hawkins was arrested and charged with felony possession of cocaine and misdemeanor possession of drug paraphernalia. After the 175-day time period of Florida Rule of Criminal Procedure 3.191(a) expired, Hawkins filed a timely notice of expiration of time for speedy trial and served it on the state. *See* Fla. R. Crim. P. 3.191(h) ("A notice of expiration of speedy trial time shall be timely if *filed and served* after the expiration of the periods of time for trial provided in this rule." (emphasis added)).

Rule 3.191(p) sets out the remedies when a defendant is not tried within the speedy trial time:

> (1) No remedy shall be granted to any defendant under this rule until the court has made the required inquiry under subdivision (j).
>
> (2) At any time after the expiration of the prescribed time period, the defendant may file a separate pleading entitled "Notice of Expiration of Speedy Trial Time," and serve a copy on the prosecuting authority.
>
> (3) No later than 5 days from the date of the filing of a notice of expiration of speedy trial time, the court shall hold a hearing on the notice and, unless the court finds that one of the reasons set forth in subdivision (j) exists, shall order that the defendant be brought to trial within 10 days. A defendant not brought to trial within the 10-day period through no fault of the defendant, on motion of the defendant or the court, shall be forever discharged from the crime.

*Id.*; *accord State v. Nelson*, 26 So. 3d 570, 574–75 (Fla. 2010).

More than fifteen days after filing her notice, Hawkins filed a motion for discharge because she had not been brought to trial within the fifteen-day "recapture provision" of rule 3.191(p)(3). The trial court held a hearing two days after the motion was filed. During the hearing, the trial court explained that the notice of expiration had not been brought to its attention and a copy had not been provided to it by defense counsel. Defense counsel contended that the rule requires filing with the clerk of court and service on the prosecuting authority—not service on the trial court judge, personally. The trial court denied discharge because it was not provided the notice of expiration as it perceived is required by *State v. Hollis*, 127 So. 3d 609 (Fla. 4th DCA 2012), and *State v. Demars*, 848 So. 2d 436 (Fla. 4th DCA 2003). The court set the trial for the following week. This petition followed.

"A writ of prohibition is an appropriate remedy 'where an accused has been denied [her] right to a speedy trial and [her] motion for discharge has been denied.'" *Dempsey v. State*, 82 So. 3d 928, 929 (Fla. 4th DCA 2011) (quoting *Sherrod v. Franza*, 427 So. 2d 161, 163 (Fla. 1983)).

The trial court's reliance on *Demars* was misplaced. There, the defendant filed a motion for discharge after the speedy trial period

expired—without ever filing a notice of expiration. *Demars*, 848 So. 2d at 438. The trial court granted discharge based on *Bryant v. State*, 757 So. 2d 617, 618 (Fla. 4th DCA 2000), which determined that a prematurely filed motion for discharge should be treated as a notice of expiration. *Id.* On appeal, this court receded from *Bryant* and held, "[A] notice, not a motion, is required to trigger the expiration of [the] recapture period." *Id.* (footnote omitted). Therefore, before a defendant can seek discharge under the rule, a notice of expiration must be filed. This court reasoned that:

> Because the trial court is responsible for setting an immediate hearing, the notice must be brought to the court's attention. When the notice is styled as a motion for discharge, a clerk accepting it for filing may not distinguish it from the myriad of motions filed in the clerk's office. We cannot expect the non-lawyer personnel of the clerk's office to [pore] over motions to determine whether they seek a speedy trial discharge, requiring the court's immediate attention. Moreover, even the state attorney's office may not treat a motion for discharge with the same urgency as a notice. Strict compliance with the rule is a practical necessity.
>
> Although we might harmonize *Bryant* with our result here by allowing a trial court to treat a motion for discharge as a notice of expiration of speedy trial when the trial court becomes "aware" of it, that approach is fraught with the possibility of inconsistent results. We fear that we would be inviting a multitude of disputes as to exactly when a trial judge became "aware" that a motion for discharge constituted an assertion that the speedy trial time had expired. The rule is specific and easy for defense counsel to follow. We see no need to complicate the process by permitting other means of compliance.

*Id.* at 439 (alteration added).

The trial court also erred by relying on *Hollis*. In *Hollis*, this court reversed a trial court's discharge of a defendant on speedy trial grounds because there was insufficient proof that the defendant served the notice of expiration on the State. 127 So. 3d at 610. Although the defendant filed his *pro se* notice of expiration with the clerk, the State did not receive it. *Id.* This court looked to rule 3.191(p)(2) and explained:

> We interpret the word "serve" in this context to include the state's receipt or awareness of the notice. If we were to

interpret the word "serve" in this context to require only that the defendant send the notice, then the state would bear the risk of losing the recapture period, through no fault of its own, where the state did not receive or otherwise become aware of the notice.

*Id.* at 611. We observed that the issue presented in *Hollis* was distinguishable from that in *Demars*, which considered "whether *the court* became 'aware' that the defendant filed the notice." *Hollis*, 127 So. 3d at 612.

In this case, however, Hawkins strictly complied with rule 3.191(p). After expiration of the 175-day time period of Florida Rule of Criminal Procedure 3.191(a), she filed a notice of expiration of speedy trial time and served it on the State—as required by rule 3.191(p)(2). Unlike the situation in *Hollis*, here the State has not disputed its receipt or awareness of the notice.

The State points to a 2003 administrative order (AO) adopted by the Seventeenth Judicial Circuit to address "delays in the scheduling of Notices of Expiration of Speedy Trial, Motions for Discharge, and Demands for Speedy Trial." In relevant part, that AO provides:

> 2. The attorneys filing Notices of Expiration of Speedy Trial, Motions for Discharge, and Demands for Speedy Trial, are to simultaneously provide the Judge or Traffic Hearing Officer to whom the case is assigned a copy of the motion(s).
>
> 3. The Clerk of Court shall provide the Judge or Hearing Officer to whom a case is assigned, by hand delivery, copies of Notices of Expiration of Speedy Trial, Motions for Discharge, and Demand for Speedy Trial on the day of filing.

*In re* Notice of Expiration of Speedy Trial, Motion For Discharge, Demand For Speedy Trial, Fla. Admin. Order No. III-03-R-1 (Mar. 12, 2003) (on file with Clerk, 17th Cir. Ct.).

It is not disputed that Hawkins' trial counsel did not comply with paragraph two of the AO. While there is no direct conflict between the rules and the AO, certain additional requirements imposed by AO are inconsistent with the rule. *See* Fla. R. Jud. Admin. 2.120(c) (defining an administrative order as "[a] directive necessary to administer properly the court's affairs *but not inconsistent with* the constitution or with *court rules* and administrative orders entered by the supreme court" (emphases

4

added)).  The AO is necessary to properly administer and implement the speedy trial rule. However, the AO may not force a defendant seeking discharge to jump through additional hoops other than those set forth by the rule.

We cannot construe the AO in a manner inconsistent with the rules adopted by the Florida Supreme Court.  *See Dougan v. Bradshaw*, 198 So. 3d 878, 882 (Fla. 4th DCA 2016) ("[A]n administrative order which attempts to amend a statute or rule by adding terms and conditions . . . is invalid." (citation omitted)).  The plain language of the rules require the trial court to grant discharge in this situation unless one of the circumstances in rule 3.191(j) is shown.  *See* Fla. R. Crim. P. 3.191(p)(3); *accord Nelson*, 26 So. 3d at 575.

Accordingly, we grant the petition, quash the order denying Petitioner's motion for discharge, and direct the trial court to conduct the inquiry required by rule 3.191(j).

*Petition granted.*

CIKLIN, LEVINE and KLINGENSMITH, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***