# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-0143

_____

CYNTHIA E. HEFFRON,

    Appellant,

    v.

FLORIDA DEPARTMENT OF
AGRICULTURE AND CONSUMER
SERVICES, DIVISION OF
LICENSING, a state agency and
FLORIDA DEPARTMENT OF LAW
ENFORCEMENT, a state agency,

    Appellees.

_____

On appeal from the Circuit Court for Leon County.
J. Lee Marsh, Judge.

August 7, 2024

PER CURIAM.

Appellant, Cynthia E. Heffron, appeals the trial court's order dismissing her amended complaint filed against Appellees, the Florida Department of Agriculture and Consumer Services ("FDACS") and the Florida Department of Law Enforcement ("FDLE") pursuant to section 790.33, Florida Statutes. Appellant argues that (1) the trial court erred in dismissing her amended complaint for failure to exhaust administrative remedies; (2) the trial court erred in dismissing her amended complaint for failure to establish a sufficient need for a declaratory judgment; and (3)

the trial court erred in ruling that FDLE was not a proper party to the lawsuit. For the following reasons, we reverse the order and remand for further proceedings.

In her lawsuit, Appellant challenged certain actions taken by Appellees with respect to the initial denial of her application for a concealed firearms license. She alleged that the agencies violated section 790.33, in which the Legislature declared that it was occupying the whole field of regulation of firearms and ammunition and provided a statutory cause of action for any person who is "adversely affected by any ordinance, regulation, measure, directive, rule, enactment, order, or policy, whether written or unwritten, promulgated or caused to be enforced in violation" of the statute.

In its order granting Appellees' motion to dismiss the amended complaint, the trial court found that Appellant failed to exhaust her administrative remedies, there was no bona fide need for the declaration she sought because she received her firearms license after filing a second application, and FDLE was not a proper party to the action because it was merely providing a "conduit of information" to FDACS when it relayed that Appellant was prohibited under federal law from possessing a firearm. This appeal followed.

A ruling on a motion to dismiss is reviewable on appeal de novo. *Cohen v. Autumn Vill., Inc.*, 339 So. 3d 429, 430 (Fla. 1st DCA 2022). Addressing first the trial court's determination that dismissal was appropriate because Appellant failed to exhaust administrative remedies, the court relied upon our opinion in *Florida Carry, Inc. v. Thrasher*, 315 So. 3d 771 (Fla. 1st DCA 2021), in reaching its conclusion. However, we recently receded from *Thrasher* and held that section 790.33 "does not require a plaintiff to exhaust administrative remedies before filing suit." *See Pretzer v. Swearingen*, No. 1D2022-1863, 2024 WL 3463786, at *9 (Fla. 1st DCA July 19, 2024) (en banc) ("The statute on its face permits suit in court to enforce an explicit cause of action, without obligating a plaintiff to first seek redress through any administrative process."). As such, Appellees are not entitled to dismissal of Appellant's amended complaint on this basis.

2

As for the trial court's dismissal of the amended complaint on the ground that no bona fide dispute existed because Appellant successfully reapplied for her firearms license, we agree with Appellant that the eventual receipt of her license did not nullify or render moot her allegations that Appellees violated section 790.33 when her initial application was denied. Indeed, section 790.33(3)(f)2. contemplates situations where a defendant may voluntarily change course and remedy its violation of section 790.33 after being sued. The statute does not direct the dismissal of the action in that situation. Instead, it deems the plaintiff the prevailing party. Thus, the fact that Appellant ultimately received her firearms license is of no consequence to the issue of whether Appellees violated section 790.33 in response to her initial application.

The Fourth District's decision in *Dougan v. Bradshaw*, 198 So. 3d 878, 880 (Fla. 4th DCA 2016), supports our conclusion on this issue. There, the Fourth District addressed a lawsuit challenging the Palm Beach County Sheriff's policy of not returning firearms seized as a result of a safety call or safety check without a court order. The trial court dismissed the appellant's claim under section 790.33, and the Fourth District reversed. *Id.* at 880. In doing so, the Fourth District noted that the appellant, whose firearms were seized during a safety check, had to file a replevin action against the Sheriff and "obtained a court order requiring the return of his firearms." *Id.* Thereafter, the appellant filed suit under section 790.33, alleging that the Sheriff enforced an illegal policy, and he sought damages for the deprivation of his property rights and the cost of bringing the replevin action as well as an injunction preventing the Sheriff from enforcing his policy. *Id.* at 881. After noting that section 790.33(3)(f) creates a private cause of action for declaratory and injunctive relief, as well as actual damages, for anyone who is adversely affected by something that violates section 790.33, the Fourth District held that the appellant "could maintain a suit against the Sheriff if the Sheriff had a policy regulating firearms which was not authorized by an existing statute and enforced the policy against [him]." *Id.*

As in *Dougan* where the appellant was permitted to bring suit under section 790.33 even though his property was returned to him, we hold that Appellant was not foreclosed from seeking

redress under the statute for the denial of her initial license application and any damages and costs that she suffered as a result simply because she successfully reapplied for her license. The trial court erred in dismissing the amended complaint on this ground.

Lastly, we address the trial court's ruling that FDLE was not a proper party to the action because it was merely "providing a conduit" of information to FDACS about whether Appellant was prohibited under federal law from possessing a firearm. *See* § 790.06(6)(a), Fla. Stat. (providing that FDACS "shall forward the full set of fingerprints of the applicant to the Department of Law Enforcement . . . to be processed for any criminal justice information"). In her amended complaint, Appellant, pursuant to section 790.33, challenged an alleged interagency agreement and memorandum of understanding between both agencies and asserted that the creation of both documents "was an attempt by the Defendants to circumvent the Legislature's preemption of Defendants['] respective roles in carrying out the . . . program." She further asserted that both documents constituted a "regulation, measure, directive, rule, enactment, order, or policy regarding firearms[,] the possession and transfer of firearms in general and the processing of applications . . . specifically." Given these allegations, the trial court erred in concluding that FDLE was not a proper party to the action.

For the reasons stated herein, we reverse the order of dismissal and remand for further proceedings.

REVERSED and REMANDED.

LEWIS, BILBREY, and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

4

Noel H. Flasterstein of Noel H. Flasterstein, P.A., Hollywood; Eric J. Friday of Kingry & Friday, PLLC, Jacksonville, for Appellant.

Brian C. Keri, Tallahassee, for Appellee Florida Department of Agriculture, Division of Licensing; Jeffrey D. Slanker, Robert J. Sniffen, Kristen C. Diot, and Matthew J. Carson of Sniffen & Spellman, P.A., Tallahassee, for Appellee Florida Department of Agriculture.